In the Matter of Paul C. WILDMAN, et al., Debtors.

Appeals of HARRIS TRUST AND SAVINGS BANK, Plaintiff–Appellee, Cross–Appellant,

v.

Mitchell EDELSON, Defendant–Appellant, Cross–Appellee.

Nos. 87–2487, 87–2549.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1988.

Oct. 12, 1988.

James M. Breen, Chapman & Cutler, Chicago, Ill., for plaintiff-appellee, cross-appellant.

Before WOOD, Jr. and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff Harris Trust and Savings Bank (Harris) brought this action against defendant Mitchell Edelson, seeking a judgment that Harris has a valid and enforceable lien against certain property owned by Edelson. Harris prevailed before the bankruptcy court on summary judgment; the bankruptcy court also denied a motion by Edelson to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(2). On appeal, the district court affirmed both rulings, but denied Harris's request for costs and attorney's fees. Edelson now appeals the district court's affirmance of the grant of summary judgment and the denial of Edelson's Rule 60(b)(2) motion. Harris cross-appeals the district court's denial of its request for costs and attorney's fees. In addition, Harris seeks costs and fees in connection with this appeal.

## I. FACTUAL BACKGROUND

This adversary proceeding arose from the consolidated bankruptcy cases of Paul Wildman, Steven Horowitz, Stephen Wolf, Kenneth Fogelberg, Stuart Kaiserman (the debtors), and numerous partnerships. On March 31, 1977, the debtors, Edelson, and Marvin Kamensky purchased property at 6830 North Sheridan Road, Chicago, Illinois. The purchasers executed an agreement directing that the property be held in Trust No. 3200 at Amalgamated Trust and Savings Bank (the land trust). The trust agreement provided that Edelson and the debtors jointly owned a fifty percent undivided beneficial interest in the land trust. Kamensky owned the remaining fifty percent undivided beneficial interest in the land trust.[1]

Arthur P. Sanderman, Brown & Shinitzky Chtd., Chicago, Ill., for defendant-appellant, cross-appellee.

---

1. Kamensky's interest is not involved in this appeal.

■ In the spring of 1978, Harris extended several loans to partnerships controlled by the debtors. The debtors personally guaranteed the loans. In October 1978, Harris made an additional $45,000 loan to one of the debtors' partnerships, Devon Partnership, which the debtors also personally guaranteed. As security for the loan, and for all outstanding and future indebtedness to Harris, the debtors assigned to Harris a fifty percent beneficial interest in the land trust.[2]

Between May and July 1981, the debtors and the Devon Partnership all filed individual petitions under Chapter 11 of the Bankruptcy Code.[3] The bankruptcy court consolidated the cases, along with others, for joint administration. At the time of filing, the debtors owed harris approximately $238,086 in principal and $65,000 in interest.

Edelson filed numerous claims against the various bankruptcy estates. In October 1982, Edelson entered into an agreement with the bankruptcy trustee settling certain of his claims. Among other things, the agreement required the bankruptcy trustee to transfer to Edelson the debtors' beneficial interest in the land trust, subject to Harris's claims under the October 1978 collateral assignment. In November 1983, pursuant to an order of the bankruptcy court, the trustee completed the transfer to Edelson.

On January 10, 1984, Harris initiated this adversary action, seeking to enforce its lien and security interest in the land trust. Edelson contended that Harris does not have a valid security interest in the land trust. The parties filed cross-motions for summary judgment. On February 4, 1986, the bankruptcy court granted Harris's motion and denied Edelson's motion, finding that Harris has an enforceable lien on five-twelfths of the land trust. Edelson appealed that finding to the district court.

After filing his notice of appeal, Edelson filed a motion for relief from judgment with the bankruptcy court under Federal Rule of Civil Procedure 60(b)(2). The bankruptcy court denied the motion and Edelson also appealed that ruling to the district court. Harris cross-appealed for costs and attorney's fees related to Edelson's appeal of the bankruptcy court's denial of the Rule 60(b)(2) motion.

The district court affirmed both the bankruptcy court's grant of summary judgment and its denial of Edelson's Rule 60(b)(2) motion. The district court, however, denied Harris's request for costs and fees. Edelson appeals the district court's decision affirming the bankruptcy court. Harris cross-appeals the district court's denial of costs and fees and also seeks double costs and attorney's fees related to this appeal.

## II. DISCUSSION

■ Edelson asserts, as he, did before both the bankruptcy court and the district court, that Harris does not have a valid security interest in the land trust. According to Edelson, he and the debtors were members of the 6830 North Sheridan Road Partnership. Edelson asserts that, at the time of the collateral assignment to Harris, the 6830 North Sheridan Road Partnership owned the fifty percent undivided interest in the land trust.[4] Therefore, Edelson ar-

---

**2.** The debtors purported to assign a fifty percent beneficial interest in the land trust to Harris. Of course, the debtors only owned five-sixths of the fifty percent interest, with Edelson owning the remaining one-sixth. The land trust specifically provided that the debtors were free to assign their individual interests in the land trust. *See infra* note 6. Under Illinois law, the debtors' assignment affected only their interests; they could not assign Edelson's interest. *See Motz v. Central Nat'l Bank,* 119 Ill.App.3d 601, 608, 456 N.E.2d 958, 963–64, 75 Ill.Dec. 137, 142–43 (1st Dist.1983). Therefore, as the bankruptcy court found, the debtors actually as-

signed only five-sixths of a fifty percent beneficial interest in the land trust.

**3.** 11 U.S.C. §§ 1101–1146.

**4.** Harris filed a motion with this court to strike Edelson's reply brief. Harris argues that Edelson raises new arguments concerning the partnership's ownership of the land trust in his reply brief, thereby violating Circuit Rule 28(e). Edelson insists that the arguments in his reply brief were merely a response to Harris's argument that Edelson had not proved that the partnership owned an interest in the land trust.

gues that because he had no knowledge of and did not consent to the collateral assignment to Harris, the assignment of partnership property is invalid under the Illinois Uniform Partnership Act, Ill.Rev.Stat. ch. 106½, ¶ 25(2)(b).

### A. Summary Judgment

After Harris moved for summary judgment, Edelson had "the responsibility of going beyond the pleadings and setting forth 'specific facts showing that there [was] a genuine issue for trial.'" *Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656, 659 (7th Cir.) (quoting Fed.R. Civ.P. 56(e)), *cert. denied,* — U.S. —, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). Summary judgment was then proper only if there was no genuine dispute as to any material fact and Harris was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Donald v. Polk County,* 836 F.2d 376, 378–79 (7th Cir.1988). In reviewing the district court's grant of summary judgment, we must determine whether there was a material factual dispute, drawing all reasonable inferences in the light most favorable to Edelson, the non-movant. *Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir.1988); *Donald,* 836 F.2d at 378–79. A factual dispute must be outcome determinative to preclude summary judgment. *Donald,* 836 F.2d at 379; *Wallace v. Greer,* 821 F.2d 1274, 1276 (7th Cir.1987); *Hossman v. Spradlin,* 812 F.2d 1019, 1020–21 (7th Cir.1987). Therefore, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted).

The existence of the 6830 North Sheridan Road Partnership is irrelevant to the outcome of this case unless Edelson can show that that partnership, rather than the debtors, owned the beneficial interest in the land trust. Both the bankruptcy court and the district court found that there was no genuine issue of material fact as to whether the partnership existed or, even if it did, whether the partnership owned the fifty percent beneficial interest in the land trust. To prove both the existence of the partnership and its ownership of a beneficial interest in the land trust, Edelson relies on several pieces of evidence.

■ First, Edelson points to the trust agreement itself, which provided that Edelson and the debtors would share "an undivided 50%" interest in the land trust. Under Illinois law, to prove the existence of a partnership in the absence of a written partnership agreement, a claimant must show that the members intended to form a partnership. *See, e.g., Olson v. Olson,* 66 Ill.App.2d 227, 233, 213 N.E.2d 95 (2d Dist. 1965). Edelson argues that he and the debtors manifested their intent to form a partnership by electing common ownership. Edelson acknowledges that common ownership by itself cannot establish the existence of a partnership.[5] Nevertheless, Edelson argues that common ownership is a factor to be considered together with his other evidence establishing the existence of the partnership and its ownership of the land trust.

Edelson also relies on his affidavit, which he attached to his response to Harris's motion for summary judgment. In his affidavit, Edelson asserts that he and the debtors "formed the 6830 North Sheridan Road Partnership for the purpose of managing the building at that address and renting it for a profit." Edelson claims that he filed a K–1 information tax return with the Internal Revenue Service (IRS) for his interest in the partnership for the years 1977–

---

"We have previously held that 'where an appellee raises a[n] argument not addressed by the appellant in its opening brief, the appellant amy reply.'" *North v. Madison Area Ass'n for Retarded Citizens–Developmental Centers Corp.,* 844 F.2d 401, 405 n. 6 (7th Cir.1988) (quoting *Bennett v. Tucker,* 827 F.2d 63, 70 n. 2 (7th Cir.1987)). Therefore, we deny Harris's motion to strike Edelson's reply brief.

5. The Illinois Uniform Partnership Act provides that "[j]oint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership." Ill.Rev.Stat. ch. 106½, ¶ 7(2).

1979. Edelson includes the partnership's IRS identification number in his affidavit. However, Edelson did not attach a copy of the tax return to his affidavit. Federal Rule of Civil Procedure 56(e) specifically requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Edelson could easily have requested a certified copy of the tax return from the IRS. At oral argument, Edelson's attorney could offer no explanation for this inexcusable omission. Nevertheless, even if we accept Edelson's unsupported statement that he filed the tax return, this evidence is relevant only to show the existence of the partnership. Although the tax return itself may have indicated whether or not the partnership owned an interest in the land trust, it is not part of the record.

Edelson also relies on the statement in his affidavit that "[t]he aforesaid beneficial interests in trust no. 3200 were property of the 6830 North Sheridan Road Partnership." Mere conclusory allegations in the non-movant's affidavit are not sufficient to overcome a motion for summary judgment. *United States v. Lair*, 854 F.2d 233, 236 (7th Cir.1988); *Davis*, 841 F.2d at 189; *Toro Co. v. Krouse, Kern & Co.*, 827 F.2d 155, 162–63 (7th Cir.1987). Edelson's affidavit does not indicate when or how the beneficial interest in the land trust was transferred to the partnership. The trust agreement itself indicates that Edelson and the debtors held the interest in the land trust as individuals.[6] Edelson's conclusory assertion that the partnership subsequently owned the property is not sufficient by itself to show "that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

To defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Viewing the evidence and all reasonable inferences in the light most favorable to Edelson, we do not believe that a judge or jury could reasonably find for Edelson. Other than the conclusory allegation in his affidavit, Edelson has not produced any evidence to show that the partnership owned any interest in the land trust. We agree with the bankruptcy court's finding that Edelson failed to counter Harris's summary judgment motion with evidence of a genuine issue of fact. Therefore, the district court properly affirmed the bankruptcy court's grant of summary judgment for Harris.

## B. Edelson's Rule 60(b)(2) Motion

Edelson also appeals the district court's affirmance of the denial of his Rule 60(b)(2) motion. We must uphold the district court's ruling unless it was an abuse of discretion. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Mumford v. Bowen*, 814 F.2d 328, 329 (7th Cir. 1986). We have previously outlined the requirements for relief under Rule 60(b)(2).

Rule 60(b)(2) allows relief from a judgment within a reasonable time, not to exceed one year, on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The prerequisites for relief under Rule 60(b)(2) are:

6. The trust agreement provided that the beneficiaries of the trust could individually transfer their interests.

> IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder ... shall be deemed to be personal property, and may be assigned and transferred as such: that in case of death of a beneficiary his or her interest herein ... shall pass as specifically set forth herein, and if no provision is made herein

then to his or her administrator or executor, if any, and if none then as provided by law....

The debtors and Edelson could individually transfer their interests in the land trust, indicating that they did not intend to treat the land trust as partnership property. *See* Ill.Rev.Stat. ch. 106½, ¶ 25(2)(b). In addition, unlike the trust agreement, a partner is not allowed to dispose of partnership property upon his death; his interest in the partnership property automatically vests in the other partners. *Id.* ¶ 25(2)(d).

**558**

(1) The evidence was discovered following the trial;

(2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred;

(3) the evidence is not merely cumulative or impeaching;

(4) the evidence is material;

(5) the evidence is such that a new trial would probably produce a new result.

*McKnight v. United States Steel Corp.,* 726 F.2d 333, 336 (7th Cir.1984); *accord Mumford,* 814 F.2d at 329–30. If any of these prerequisites is not met, the plaintiff's Rule 60(b)(2) motion must fail. Because we find that Edelson's new evidence did not meet the Rule 60(b)(2) requirements, we affirm the district court.

### 1. The 1981 Bankruptcy Petition

■ The first piece of evidence that Edelson presented in his Rule 60(b)(2) motion was an involuntary bankruptcy petition that had been filed in 1981 in the name of 6830 North Sheridan Road Partnership. The bankruptcy court found that the debtors apparently filed the bankruptcy petition solely to prevent a Uniform Commercial Code (U.C.C.) foreclosure sale of the debtors' beneficial interest in the land trust that Harris had scheduled. Although the debtors filed the bankruptcy petition in the partnership's name, the case was never administered; no schedules of property or financial statements were filed with the bankruptcy court. Although the debtors subsequently filed individual bankruptcy petitions, the 6830 North Sheridan Road Partnership case was not consolidated with the debtors' individual and other partnership bankruptcy cases. The 6830 North Sheridan Road Partnership case was finally dismissed on May 17, 1986.

We do not believe that this evidence is material or that it would be likely to produce a different outcome. At best, the 1981 bankruptcy petition tends to show the existence of the 6830 North Sheridan Road Partnership. Edelson argues that because the filing of the petition forestalled the scheduled U.C.C. sale of the debtors' interest in the land trust, the partnership necessarily must have owned a beneficial interest in the land trust. We disagree. The automatic stay provision of the Bankruptcy Code is broad and violators of the stay may be penalized. *See* 11 U.S.C. § 362. If the property to be sold was actually part of the bankruptcy estate, the sale would be void. *In re Advent Corp.,* 24 B.R. 612, 614 (Bankr. 1st Cir.1982); *cf. In re Allen,* 816 F.2d 325 (7th Cir.1987). Therefore, it is not surprising that the disposition of any property that could possibly be part of a bankruptcy estate would be postponed. The fact that Harris was cautious and did not proceed with the sale after the partnership filed a bankruptcy petition does not prove that the partnership actually owned an interest in the land trust.

In any event, even if we assume that the 1981 bankruptcy petition was material evidence likely to change the outcome of the case, the lower courts nevertheless properly denied Edelson's motion because Edelson failed to meet the requirement of due diligence. Edelson claims that he was not aware of the bankruptcy petition until after the bankruptcy court granted summary judgment for Harris. Edelson's lack of knowledge, however, does not satisfy the due diligence requirement; "the plaintiff must show that [his] lack of knowledge was not due to [his] lack of diligence." *Mumford,* 814 F.2d at 330. Although due diligence may be inferred in some instances, we decline to do so here. We agree with the district court that "it is inconceivable that a general partner of an existing, operating partnership would not be aware of the partnership's bankruptcy for over five years." Edelson has offered no explanation for his inability to produce the 1981 bankruptcy petition, a five-year-old public record, prior to summary judgment. Thus, his Rule 60(b)(2) motion as to that piece of evidence was properly denied.

### 2. The 1986 Fee Petition

■ The second piece of evidence that Edelson presented in his Rule 60(b)(2) motion was a petition filed by the trustee in the debtors' consolidated bankruptcy cases in May 1986. The trustee petitioned the

bankruptcy court for leave to pay certain accounting fees. The fee petition included itemized time entries that referred to 6830 North Sheridan Road Partnership. This evidence again merely indicates that the partnership existed; it does not shed any light on whether the partnership owned a beneficial interest in the land trust. Therefore, this evidence is not material because the existence of the partnership is irrelevant to this case unless Edelson can show that the partnership owned an interest in the land trust. For the same reason, the fee petition would be unlikely to change the outcome of this case. Thus, the district court did not abuse its discretion in affirming the denial of Edelson's Rule 60(b)(2) motion.

### 3. Harris's Motion for Costs and Attorney's Fees

■ Harris requested the district court to impose sanctions against Edelson and his counsel by directing them to pay the costs and attorney's fees that Harris incurred in defending Edelson's appeal of the denial of his Rule 60(b)(2) motion. The district court denied Harris's request. Both parties argue that we should reverse the district court's refusal to impose sanctions under Federal Rule of Civil Procedure 11 only if the court abused its discretion. *Schaefer v. Transportation Media, Inc.,* 859 F.2d 1251, 1256 (7th Cir.1988); *Magnus Elecs., Inc. v. La Republica Argentina,* 830 F.2d 1396, 1403 (7th Cir.1987). The appropriate standard of review for Rule 11 motions, however, has been the source of much confusion in this and other circuits. *See FDIC v. Tekfen Constr. & Installation Co.,* 847 F.2d 440, 442–43 (7th Cir.1988). We have stated that "the definition of a frivolous legal position is itself a question of law." *In re Central Ice Cream Co.,* 836 F.2d 1068, 1072 (7th Cir.1987), *quoted in Beeman v. Fiester,* 852 F.2d 206, 209 (7th Cir.1988). That would imply that we must review *de novo* the district court's determination that Edelson's appeal was not frivolous.[7] *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1434 (7th Cir. 1987) (citing *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir.1987), *cert. dismissed,* —— U.S. ——, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988)). Other recent cases in this circuit, however, have held that the district court's legal determination that sanctions are appropriate is reviewable only for an abuse of discretion. *Schaefer,* 859 F.2d at 1256; *Tekfen,* 847 F.2d at 443; *In re Ronco, Inc.,* 838 F.2d 212, 217 (7th Cir.1988). *See also Central Ice Cream,* 836 F.2d at 1072 (applying deferential standard of review). We need not resolve the matter in this particular case, however, because regardless of whether we apply a *de novo,* abuse of discretion or some other standard of review, the result would be the same: we agree with the district court.

The district court upheld the bankruptcy court's denial of Edelson's Rule 60(b)(2) motion. Nevertheless, the district court noted that the bankruptcy court had completely failed to discuss one of the two pieces of new evidence that Edelson had presented in his motion. Because Edelson reasonably could have believed that the bankruptcy court did not fully consider his motion, the district court found that Edelson's appeal was not frivolous.

" 'An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.' " *Spiegel v. Continental Ill. Nat'l Bank,* 790 F.2d 638, 650 (7th Cir.) (quoting *Indianapolis Colts v. Mayor of Baltimore,* 775 F.2d 177, 184 (7th Cir.1985)), *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986). We cannot say that Edelson's argument before the district court was completely lacking in merit since the bankruptcy court did not even mention the 1986 fee petition in its memorandum order. Therefore, we find that Edelson's appeal to the district court

---

7. Many recent opinions have stated that we should review the factual determinations underlying a district court's award of sanctions under the clearly erroneous standard. *See Beeman,* 852 F.2d at 209; *In re Ronco, Inc.,* 838 F.2d 212, 217 (7th Cir.1988); *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1434 (7th Cir.1987); *Ordower v. Feldman,* 826 F.2d 1569, 1574 (7th Cir.1987).

was not frivolous. Since Edelson's appeal was objectively reasonable, the district court properly declined to award sanctions under Rule 11.[8]

### C. Harris's Cross–Appeal for Costs and Attorney's Fees

In its cross-appeal, Harris asks this court to impose sanctions under Federal Rule of Appellate Procedure 38,[9] in the form of double costs and attorney's fees, against Edelson and his attorney for bringing this appeal. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

▆ In this case, Edelson did little more than reiterate the arguments that both the bankruptcy court and the district court had already rejected. Edelson has presented little evidence that the 6830 North Sheridan Road Partnership ever existed and virtually no evidence regarding what property, if any, the partnership owned. The result before this court should have been obvious to Edelson and his counsel; to present these meritless arguments a third time was frivolous. *See District No. 8, Int'l Ass'n of Machinists & Aerospace Workers v. Clearing, A Div. of U.S. Indus., Inc.,* 807 F.2d 618, 623 n. 1 (7th Cir.1986); *Spiegel,* 790 F.2d at 650.

Upon finding that Edelson has brought a frivolous appeal, we must consider whether this is an appropriate case in which to impose sanctions. Sanctions are appropriate if " 'the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.' " *Spiegel,* 790 F.2d at 650 (quoting *Reid v. United States,* 715 F.2d 1148, 1155 (7th Cir.1983)). As we have already ob-

served, Edelson, or at least his counsel, could not have had a reasonable expectation that Edelson would prevail before this court with such scanty evidence. Clearly, after being told in no uncertain terms by two federal courts that he had a meritless claim, Edelson's pursuit of this claim by merely reiterating the arguments rejected by the lower courts is "sheer obstinacy." Harris should not be required to pay for this senseless appeal. Accordingly, we grant Harris's motion for costs and attorney's fees. Although it is within our discretion to award double costs as Harris requested, we believe that in this case an award of single costs and attorney's fees is sufficient to fulfill Rule 38's goals of compensation and deterrence. *See Spiegel,* 790 F.2d at 650 (discussing purposes of Rule 38). One-half of Harris's attorney's fees and costs shall be paid by Edelson and one-half by his counsel. *See Clearing,* 807 F.2d at 623; *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.), *cert. denied,* 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

### III. CONCLUSION

We affirm the decision of the district court and award costs and attorney's fees to Harris on this appeal. Harris is ordered to file with this court, within fifteen days of the date of this opinion, a statement of the costs and attorney's fees it reasonably incurred in defending this appeal.

### AFFIRMED WITH SANCTIONS.

---

**8.** Harris also asked the district court to award sanctions against Edelson's attorney under 28 U.S.C. § 1927. Section 1927 authorizes courts to award sanctions against attorneys who cause excessive costs by unreasonably multiplying the proceedings. However, because Edelson's appeal to the district court was not completely lacking in merit, we find that the district court properly refused to award sanctions pursuant to section 1927.

**9.** Harris also asserts that Rule 11 and sections 1912 and 1927 of Title 28 of the United States Code provide additional grounds for an award of sanctions against Edelson and his attorney. Rule 11, however, "does not apply directly to proceedings in this court." *Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1200 (7th Cir. 1987). Moreover, we need not consider sections 1912 and 1927 because we choose to rely on Rule 38 in imposing sanctions.