916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Khaled KHALIL, as Special Administrator of the estate of
Ahmad Kalil, Plaintiff-Appellant,
v.
TOWN OF CICERO, et al., Defendants-Appellees.
 No. 89-3354.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 15, 1990.
 
 Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 This is a wrongful death action under Illinois law. Khaled Khalil, as special administrator of the estate of Ahmad Khalil, contends that the Town of Cicero and two of its paramedics negligently allowed him to die by driving past the nearest hospital. While the ambulance was on its way to a more distant one, Ahmad Khalil died of a heart attack.
 
 
 2
 There are serious jurisdictional problems. The original complaint included as plaintiffs Tayseer Khalil "as Administrator of the Estate of Ahmad Khalil" and eight of Ahmad Khalil's other children. It recited that Tayseer Khalil is a citizen of Jordan living in Chicago. Defendants pointed out that in Illinois the administrator of an estate is the exclusive representative in a wrongful death action, and that Ahmad had neither an estate nor an administrator. The allegation in the complaint was fabricated. Counsel then recast the complaint, dropping all plaintiffs except Khaled Khalil. Counsel asked the district judge to name Khaled as the "special administrator" of the estate, a procedure that in Illinois allows the representative to collect and distribute the damages. The amended complaint alleged that Khaled, too, is a citizen of Jordan residing in Chicago. Defendants disputed Khaled's citizenship. Without resolving the dispute, the district judge dismissed the complaint as untimely.
 
 
 3
 Disputes about citizenship involve the subject matter jurisdiction of the district court and must be resolved before reaching the merits. Unless there is jurisdiction, the court's views on the merits are advisory. It is unnecessary to remand, however, because both sides are mistaken in believing that Khaled's citizenship matters. Under this circuit's precedents the citizenship of the decedent, not of the special administrator, controls. Wilsey v. Eddingfield, 780 F.2d 614 (7th Cir.1985); Betar v. DeHavilland Aircraft of Canada, Ltd., 603 F.2d 30 (7th Cir.1979). A dissent in Wilsey suggested overruling Betar, see 780 F.2d at 617-20, but the court declined. Now that Congress has enacted a new version of 28 U.S.C. Sec. 1332, it is inappropriate to revisit the subject.
 
 
 4
 Jurisdiction depends, then, on whether Ahmad Khalil was a citizen of Jordan. This was alleged in both the original and amended complaints, and the defendants did not deny the allegation. Undisputed allegations of citizenship ordinarily are accepted by the court. Under the version of Sec. 1332(a) that went into force in May 1989, an alien admitted to the United States for permanent residence has the citizenship of the state of residence. Ahmad therefore might be deemed a citizen of Illinois if the suit were filed today. But it was filed before the amendment to Sec. 1332 took effect, and jurisdiction was therefore present at the outset.
 
 
 5
 We reach the merits and affirm for the reasons stated by the district judge, whose opinion is attached. Defendants have filed a motion for sanctions under Fed.R.App.P. 38, which we grant. Rule 38 establishes an objective standard. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (in banc). Plaintiff's opposition to the motion, founded on a submission that counsel acted in good faith and was at most confused rather than malicious, is irrelevant given the objective nature of the inquiry. "The standard depends on the work product: neither the lawyer's state of mind nor the preparation behind the appeal matter." Ibid.
 
 
 6
 An appeal is frivolous "when the result is foreordained by the lack of substance to the appellant's arguments." Ibid. The district court concluded that the claim for relief accrued no later than December 14, 1987, when a notice filed with the Town demonstrated awareness of the link between bypassing the hospital and Ahmad's death. Because the period of limitations is one year, the suit, filed in January 1989, is too late.
 
 
 7
 Plaintiff's principal argument in the district court was that under Illinois law a complaint may not be filed until the facts have been submitted to a medical expert and the report received. To this the judge replied that Ill.Rev.Stat.ch. 110 p 2-622(a)(1) & (2) expressly allows filing the suit in advance of the report, if delay would make the claim untimely.
 
 
 8
 Counsel's brief on appeal has no answer to this, indeed ignores it. The brief states baldly that p 2-622 "requires a report by a medical expert to be attaches to all complaints alleging medical malpractice." It does not quote the statute or deal with p 2-622(a)(2), which says that in lieu of the report counsel may attach an affidavit that "the affiant was unable to obtain a consultation ... because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." Ignoring dispositive contrary authority makes an appeal frivolous. E.g., Hill v. Norfolk & Western Ry., 814 F.2d 1192, 1198 (7th Cir.1987); Spiegel v. Continental Illinois National Bank, 790 F.2d 638, 650 (7th Cir.1986); In re Wildman, 859 F.2d 553, 560 (7th Cir.1988). Sticking one's head in the sand is more than undignified. It is sanctionable. In this case appellees' attorneys' fees are an appropriate sanction; these are costs that would not have been incurred but for a doomed appeal, and the expense should be borne by the side that created them.
 
 
 9
 The judgment is affirmed, with sanctions. Within 15 days appellees shall submit a statement of the costs and reasonable attorneys' fees incurred in defending this appeal. We note that defendants' motion for sanctions under Fed.R.Civ.P. 11 remains pending in the district court. Nothing in this opinion affects that outstanding request. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461-63 (1990).
 
 ATTACHMENT
 
 10
 IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
 
 ILLINOIS EASTERN DIVISION
 
 11
 KHALED KHALIL, et al, Plaintiffs,
 
 
 12
 v.
 
 
 13
 TOWN OF CICERO, et al., Defendants.
 
 Case No. 89 C 620
 
 14
 Oct. 2, 1989.
 
 MEMORANDUM OPINION AND ORDER
 
 15
 Khaled Khalil is bringing a medical malpractice wrongful death suit against the Town of Cicero, Theodore Peszynski, and Joseph Baratta. The defendants move to dismiss for failure to begin the action within the statute of limitations. The court grants the motion and dismisses the case with prejudice.
 
 
 16
 On November 17, 1987, Cicero paramedics responded to an emergency call from Mr. Khalil's father, Ahmad Khalil. The paramedics transported Ahmad Khalil to a remotely-located hospital rather than to one located only nine blocks away. While en route, he went into full cardiac arrest and died. Mr. Khalil alleges that the paramedics violated the standard of care for paramedics by not transporting his father to the nearest hospital and that the delay caused his father's death.
 
 
 17
 On December 14, 1987, Mr. Khalil's attorney filed a Notice of Personal Injury with the Clerk of the Town of Cicero, placing the Town on notice that a cause of action for Ahmad Khalil's death had accrued against them. The notice summarizes the above facts. On December 29, 1988, Mr. Khalil's attorney received a report from a medical expert, Dr. Larry Milner. In that report, Dr. Milner alleges that the defendants had been medically negligent in their treatment of Ahmad Khalil. Based on this report, Mr. Khalil filed a complaint on January 24, 1989.
 
 
 18
 On a motion to dismiss, the court may consider only the pleadings and any exhibits attached to the complaint, taking all factual allegations in the complaint as true. Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir.1988). A complaint will be dismissed for failure to comply with a limitations statute only if the affirmative defense of the statute clearly appears on the face of the complaint or where the assertions within the complaint would not permit the plaintiff to prove that the statute was tolled. Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984); Jablon v. Dean Whitter & Co., 614 F.2d 677, 682 (9th Cir.1980). The exhibits attached to Mr. Khalil's complaint include a notice of personal injury, an affidavit by Mr. Khalil's attorney, and an affidavit by a medical expert. The two affidavits were submitted in order to comply with the Illinois Medical Malpractice Act, Ill.Rev.Stat. ch. 110, Secs. 2-622(a)(1) and (2). The court has considered the three attached exhibits, as it is permitted to do under Beam, 838 F.2d at 244. The court has not considered any other exhibits.
 
 The Illinois Tort Immunity Act provides:
 
 19
 No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.
 
 
 20
 Ill.Rev.Stat. ch. 85, Sec. 8-101. The statute of limitations begins to run when the plaintiff knows or reasonably should have known that his injury was wrongfully caused. Rio v. Edward Hospital, 104 Ill.2d 354, 472 N.E.2d 421, 423 (1984). This is known as the discovery rule. Knowing that an injury was "wrongfully caused" does not require certainty that an actionable wrong was committed. Saunders v. Klungboonkrong, 150 Ill.App.3d 58, 501 N.E.2d 882, 885 (5th Dist.1985). A plaintiff knows or should know his injury was "wrongfully caused" when he "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." Id. It is at that point that an injured person is required to inquire further as to a cause of action. Cuerton v. American Hosp. Supply, 136 Ill.App.3d 231, 482 N.E.2d 187, 192 (2d Dist.1985).
 
 
 21
 Mr. Khalil claims that he first became aware of the medical negligence by the defendants when his attorney received Dr. Milner's report on December 29, 1988. His exhibits show otherwise. Attached to the Amended Complaint as Exhibit A is the Notice of Personal Injury directed to the Cicero town clerk from Mr. Khalil. The Notice is dated December 14, 1987, and states specifically that the "Cicero Fire Department ambulance transported [Ahmad Khalil] to MacNeal Memorial Hospital instead of the closest available hospital ... and [that] as a result, he was dead on arrival from a heart attack." As of December 14, 1987, then, Mr. Khalil and his attorney were clearly "on inquiry" to determine whether actionable conduct was involved. Mr. Khalil's cause of action accrued on December 14, 1987 and his claim filed on January 24, 1989 is therefore time-barred.
 
 
 22
 The Illinois Medical Malpractice Act does not toll the limitations statute. The Act states that a plaintiff in a medical malpractice action must file and attach to the complaint an affidavit and medical report from a medical expert ascertaining the reasonableness of the claim, or if "unable to obtain a consultation ... because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations," a plaintiff can instead file an affidavit explaining this and then file the required expert's report within ninety days after filing the complaint. Ill.Rev.Stat. ch. 110, Secs. 2-622(a)(1) and (2). Mr. Khalil did not need to wait until he actually received Dr. Milner's report to file the complaint and the statute is not tolled because he did. See Kruk v. Birk, 168 Ill.App.3d 949, 523 N.E.2d 93, 100 (1st Dist.1988) (limitations statute is not tolled while medical malpractice plaintiff attempts to secure an expert willing to testify on her behalf).
 
 
 23
 This case was dismissed for want of prosecution on July 19, 1989, with leave to reinstate. The court reinstates the case and grants defendants' motion to dismiss with prejudice.
 
 
 24
 /s/Ann Claire Williams, Judge
 
 United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After considering that statement, the briefs, and the record, the court is of the view that oral argument would not be helpful. Counsel asks for oral argument on appellees' request for sanctions, in order to demonstrate counsel's good faith. As will become apparent, subjective good faith is not in issue. The appeal is therefore submitted for decision on the briefs and record