**John CAPARASO and Karol L. Caparaso, Plaintiffs,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

Civ. No. 1:94cv171.

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 15, 1995.

John Caparaso, Fort Wayne, IN, Pro Se.

Karol L. Caparaso, Fort Wayne, IN, Pro Se.

Gerald H. Parshall, Jr., U.S. Department of Justice, Washington, DC, for defendant.

Internal Revenue Service, Asst. U.S. Atty., Fort Wayne, IN, Pro Se.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a "Motion for Order Granting Default Judgment", filed by the plaintiffs on March 20, 1995. Also before the court is a motion to set aside default and a motion for summary judgment, both filed by the defendant on March 20, 1995. Additionally, the plaintiffs have filed numerous requests for appointment of counsel.

### Background

On October 6, 1994, the plaintiffs John and Karol Caparaso (the "Caparasos") filed an amended pro se complaint with this court. This amended complaint does not state the legal theory upon which it is grounded, and simply states that the Internal Revenue Service ("IRS") inflicted unnecessary economic damage upon the Caparasos. The amended complaint then sets forth eight short paragraphs stating various costs the Caparasos have allegedly incurred as a result of IRS actions.

On March 10, 1995, upon motion by the Caparasos, the Clerk entered a default against the Commissioner of the IRS, for failing to respond to the complaint in a timely fashion. The United States, acting on behalf of the Commissioner, has moved this court to set aside the default for good cause. The United States has submitted a copy of the summons in this case, and the file stamp indicates that the summons was received by the Chief Counsel's office on January 5, 1995. Additionally, the summons shows a "service date" of January 26, 1995. Based on this service date, the trial attorney for the United States believed that service had not been completed upon the IRS until January 26, 1995. Thus, rather than filing a "no knowledge" response at an early date, counsel waited for the Caparasos' administrative files to be forwarded to him so that he could file a meaningful response.

The United States also argues that the Caparasos' motion for default judgment should be denied because there has been no factual showing as required by Fed.R.Civ. Pro. 55(e) which states:

No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

The United States points out that even if the Caparasos were to prevail on their claim for expenses, they are not entitled to recover such expenses as they owe substantially more to the United States for the tax years 1980 and 1981 than they enumerate as expenses with respect to the tax years 1982–1985 [1]. The United States further claims that the Caparasos are not entitled to a judgment in this case for the reasons enumerated in the United States' motion for summary judgment. The court will now turn to this motion.

### Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id. In re Matter of Wildman,* 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan,* 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204,* 802 F.2d 981, 986 (7th Cir.1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file," together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt,* 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.,* 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material

---

1. According to the IRS' statement of material facts and the declaration of Gerald Parshall, as of February 14, 1995, the plaintiffs owed the United States $30,188.51 in unpaid taxes and penalties for 1980 and $103,305.01 in unpaid taxes and penalties for 1981.

facts to which the non-movant contends exist that must be litigated. *See, Waldridge v. American Hoechst Corp. et al.,* 24 F.3d 918 (7th Cir.1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson,* 477 U.S. at 249–251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355; *First National Bank of Cicero v. Lewco Securities Corp.,* 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir.1983).

*Discussion*

■ In support of its motion for summary judgment, the United States first argues that the Commissioner of Internal Revenue, the named defendant, is not a suable party. The United States cites to *Robinson v. United States and Internal Revenue Service,* 1991 U.S.Dist. LEXIS 2080 (No. CV–F–90–647 ED Cal., Feb. 7, 1991), and *Krouse v. United States Govt. Treas. Dept. Int. Rev. Service,* 380 F.Supp. 219, 221 (C.D.Cal.1974). These cases clearly hold that the Internal Revenue Service is not an entity subject to suit. Although the cases do not discuss whether the *Commissioner* of Internal Revenue may be sued, it is clear that where, as here, the relief sought against an employee of the United States acting in furtherance of his statutory powers is, in reality, sought against the United States, the action will be deemed to be against the United States itself. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 686, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949); *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1962); *Powers v. Karen,* 768 F.Supp. 46, 50 (E.D.N.Y.1991); *Frasier v. Hegeman,* 607 F.Supp. 318, 322 (N.D.N.Y.1985). Counsel for the United States is presently defending this action. Thus, it does not appear that any prejudice has arisen from the fact that the Commissioner was named as a defendant.

■ The United States next argues that the Caparasos cannot sue for wrongful levy. Although the Caparasos have not specifically identified the basis for the current litigation, it appears as though they may be attempting to sue under 26 U.S.C. § 7426 for "wrongful levy". However, as the United States points out, such an action is only available to "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property...." Since the Caparasos seem to be complaining of levies which effected collection of their own tax liabilities, their amended complaint (at least as to paragraphs 4–8) fails to state a claim upon which relief may be granted [2].

---

**2.** As the United States points out, to the extent the Caparasos complain about the alleged seizure

of property belonging to a third party, they do

The United States next argues that the Caparasos cannot bring this action for costs of their tax-related litigation because they previously brought an action for costs, pursuant to 26 U.S.C. § 7430[3], before the Tax Court and were denied such costs. In *John and Karol Caparaso*, T.C.Memo 1993–255, 93–1305, Judge Chiechi found that:

> Petitioners [the Caparasos] have not established that, as of the applicable time period under section 7430(c)(7), respondent's position in either the administrative proceeding within the Service or the proceedings in this Court was unreasonable and therefore not substantially justified. Consequently, petitioners cannot qualify as a "prevailing party" as defined in section 7430(c)(4). (Footnote omitted). Accordingly, petitioners are not entitled to reasonable administrative and litigation costs.

*Id.* at 93–1313. This previous adjudication is binding on this court due to the doctrine of *res judicata.* Thus, the Caparasos cannot not attempt to relitigate in this court issues (*i.e.,* whether they can recover their administrative and litigation costs) which they were unsuccessful on in the Tax Court. For *res judicata* (claim preclusion) to apply, three requirements must be met: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *Lim v. Central DuPage Hosp.,* 972 F.2d 758, 762–63 (7th Cir.1992). The first requirement is clearly met since the Tax Court action and the present action both name the Commissioner of Internal Revenue as defendant. The second requirement is also met. The issue in the Tax Court action was whether the Caparasos were entitled to recover their expenses and litigation costs in connection with the dispute surrounding their tax liability for the 1982–85 tax years, the Caparasos are now attempting to recover these same expenses in the present action. Finally, the third requirement is met since it is clear that Judge Chiechi entered a final judgment on the merits on June 9, 1993. Consequently, this court is barred by the doctrine of *res judicata* from considering the Caparasos' alleged cause of action.

Finally, the United States argues that, if the action is construed as one under 26 U.S.C. § 7433, the statute of limitations has run on the Caparasos' complaint, depriving this court of subject matter jurisdiction. It is well-settled that the United States is immune from suit except where Congress, by specific statute, has waived sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Thus, when consent to sue the United States is granted, such as by way of § 7433, the precise terms, conditions, and qualifications of such consent must be scrupulously followed. *Long Island Radio Co. v. National Labor Relations Bd.,* 841 F.2d 474, 477 (2d Cir.1988); *Coleman v. United States Bureau of Indian Affairs,* 715 F.2d 1156, 1161 (7th Cir.1983).

The Caparasos have failed to state the statutory basis for their cause of action against the United States. Thus, for purposes of this argument, the amended complaint will be construed as one under 26 U.S.C. § 7433, which governs "civil damages for certain unauthorized collection actions" and provides, in pertinent part:

> (a) **In general.**—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section

not have standing to sue. *Frierdich v. United States,* 985 F.2d 379 (7th Cir.1993).

**3.** 26 U.S.C. § 7430 provides, in pertinent part:

(a) **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

\* \* \* \* \* \*

**(d)(3) Period for bringing action.—** Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

In their amended complaint, the Caparasos have claimed that the Internal Revenue Service caused them to spend large sums of money to prove that they did not owe the United States money for the 1982–85 tax years. The Treasury Regulations promulgated under § 7433 provide that a cause of action accrues when "the taxpayer has had a reasonable opportunity to discover all the essential elements of a possible cause of action." Treas.Reg. § 301.7433–1; *Cunningham v. United States*, 165 B.R. 599, 605 (N.D.Tex.1993). Under § 7433, a cause of action is established when a collection action occurs: "a notice and demand for payment constitute a collection action, as does the filing of a notice of tax lien." *Miller v. United States*, 763 F.Supp. 1534, 1543 (N.D.Cal.1991). The record in this case clearly shows that the levies and seizures made by the Internal Revenue Service occurred on various dates in 1989 and 1990, well outside the 2–year limitations period. Thus, any action by the Caparasos alleging damages due to recklessness of any Internal Revenue Service officer or employee should have been brought at least by January 1993. The present action was not filed until June 15, 1994. Accordingly, this court finds that the Caparasos' suit is time-barred.

Additionally, as it is clear that the Caparasos have not "establishe[d] a claim or right to relief" as required by Rule 55(e), this court finds that the Caparasos' motion for default judgment must be denied.

The Caparasos have requested the appointment of counsel in this case. This court has carefully and independently considered the potential merits of the present case and has found that the Caparasos simply do not have a cause of action under the laws of the United States. Consequently, as the appointment of counsel in this case would not further any purpose other than to create additional cost and delay, the Caparasos' request for appointment of counsel will be denied.

The Caparasos have also objected to the use of summary judgment procedures in this case, stating that they want their right to a jury trial honored. However, the Caparasos are not criminal defendants and do not have an absolute right to a jury trial in this civil case. Summary judgment procedures in civil cases have been used since the introduction, in England, of the Bills of Exchange Act of 1855. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, § 2711 (1983). The summary judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved. Thus, parties need not wait until a case is fully tried but may seek a final adjudication of the action by a motion under Rule 56. In this way, dilatory tactics resulting from the assertion of unfounded claims can be defeated and parties may be accorded expeditious justice. *Id.* at § 2712. The courts have repeatedly held that Rule 56 summary judgment procedures do not deprive a party of any constitutional right to a jury trial. *See e.g., Davis v. United States*, 742 F.2d 171 (5th Cir.1984); *Gregg v. U.S. Industries, Inc.*, 715 F.2d 1522 (11th Cir. 1983); *Shabazz v. Odum*, 591 F.Supp. 1513 (M.D.Pa.1984). Consequently, this court finds the Caparasos' objections to summary judgment procedures to be completely meritless.

*Conclusion*

For the foregoing reasons, he Caparasos' motion for default judgment and motion for appointment of counsel are both hereby DENIED. Further, the United States' motion to set aside default and motion for summary judgment are both hereby GRANTED.