**Mark CHRISTIANSEN, Plaintiff–Appellant,**

v.

**John INMAN and Beau Purtle, Defendants–Appellees.**

Nos. 00–1704, 00–3066.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2004.*

Decided April 19, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Mark Christiansen, Ina, IL, pro se.

Carl Elitz, Chicago, IL, for Defendant–Appellee.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Illinois inmate Mark Christiansen alleged in this *pro se* lawsuit under 42 U.S.C. § 1983 that defendants John Inman and Beau Purtle, both guards at Menard Correctional Center, beat him, banged his head against the wall, and ripped his clothing during a June 1995 encounter, and then afterwards put him in an isolated holding cell. Christiansen claimed that he suffered head and neck injuries as a result of the beating. At trial a jury found in favor of the defendants. In these consolidated appeals, Christiansen challenges the adverse judgment entered on that verdict, as well as the district court's order denying a postjudgment motion to set aside the verdict.

Christiansen raises six issues between the two appeals. First he argues that the court abused its discretion in refusing his request for appointed counsel. But the district court's order denying Christiansen's request demonstrates that the court assessed the difficulty of his case and determined that his claims were not particularly complex, that the relevant facts were within Christiansen's personal knowledge, and that he appeared competent to represent himself. *See Zarnes v. Rhodes,* 64 F.3d 285, 288–89 (7th Cir.1995). We perceive no abuse of discretion.

Christiansen next contends that the district court erred by not enforcing its pretrial order compelling the defendants to produce a list of the inmates who may have witnessed the alleged attack. During discovery Christiansen asserted that another inmate whose name he did not know had witnessed the attack from a holding pen; Christiansen said the witness was dressed in a green jumpsuit, which would indicate that he was in the process of being moved in or out of the prison. Christiansen had requested that the defendants provide him the names and photographs of inmates who were coming or going that day, and when the defendants did not respond, the district court issued an order compelling production. The defendants then responded that production was impossible because inmate-movement records are routinely destroyed after one year whereas Christiansen had waited until two years after the alleged attack to make his request. The defendants' response satisfied the district court, but Christiansen continued to demand inmate-movement records, so the district court ordered defense counsel to search the prison's files; counsel reported back that they had found nothing. District judges are in a much better position than we are to decide discovery matters, so we will overturn a discovery ruling only for an abuse of discretion. *United States v. Pearson,* 340 F.3d 459, 467 (7th Cir.2003); *Packman v. Chi. Tribune Co.,* 267 F.3d 628, 646 (7th Cir. 2001). Because the district court went to great lengths to ensure that the defendants did not have the requested information in their possession, we find no error.

Third, Christiansen asserts that the district court should have struck for cause four of the six members of his jury because all four had relatives who were involved in law enforcement, one of them

"harbored some resentment for criminals" because she had recently been the victim of an unsolved burglary, and another felt "animosity" toward prisoners because her ex-husband had been confined at Menard for six months in 1986. We disagree. Empaneling a jury is a process entrusted to the trial judge, and we will not disturb the court's handling of that process "absent an abuse of discretion." *United States v. Scott*, 267 F.3d 729, 743 (7th Cir.2001). Jurors might be presumed biased in "extreme" or "extraordinary" cases, *Salvato v. Ill. Dep't of Human Rights*, 155 F.3d 922, 927 (7th Cir.1998), such as when a juror is related to one of the parties or has a financial interest in the outcome, *see United States v. Polichemi*, 219 F.3d 698, 704 (7th Cir.2000). But that was not the situation with any of these jurors, and so the relevant inquiry was whether the four could "conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case." *See Ross v. Oklahoma*, 487 U.S. 81, 86, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988) (quoting *Lockhart v. McCree*, 476 U.S. 162, 184, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986)). The district court questioned all the jurors to determine if they could be fair, and none indicated an inability to do so. And the judge specifically questioned the burglary victim and the woman whose former husband had been imprisoned at Menard, and both assured the court that their experiences would not preclude them from being fair and impartial. The district court was satisfied with their answers, as are we.

■ Fourth, Christiansen maintains that the district court erroneously kept him from calling four of his five rebuttal witnesses, all inmates, to impeach Inman's and Purtle's credibility. In a pretrial order the district court opined after evaluating the proposed testimony that allowing more than one inmate to talk about each defendant would be cumulative, and of course trial judges have discretion to exclude even relevant evidence "if its probative value is substantially outweighed by ... considerations of ... needless presentation of cumulative evidence." Fed. R.Evid. 403; *see Mihailovich v. Laatsch*, 359 F.3d 892, 906 (7th Cir.2004). But at trial the court revisited Christiansen's request for more than two rebuttal witnesses and left open the possibility: "Depending upon, you know, what the defendants say or don't say, rebuttal evidence may or may not be relevant. We will have to address it at that time." Following the defendants' case, however, Christiansen called only one rebuttal witness and then rested his case without seeking to call the others or objecting that he could not. Thus, it appears that Christiansen, not the trial judge, was responsible for the decision to limit the number of inmate rebuttal witnesses.

In any event, decisions excluding evidence are reviewed for abuse of discretion only, and even an incorrect ruling cannot be grounds for reversing a jury's verdict unless it had a "substantial and injurious effect or influence on the jury's verdict." *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 621 (7th Cir.2003). We discern no such impact here. Although Christiansen now argues that he should have been free to call more witnesses, he does not contend that any of those excluded would have added to the information presented at trial, nor does he provide a reason to believe that the jury would have given more weight to the excluded witnesses. *See id.* at 623.

■ Christiansen next complains generally that the court erred by excluding some of his requested jury instructions and including others that he opposed. The parties to a civil case, however, must alert the district court to perceived errors in the

jury instructions, "stating distinctly the matter objected to and the grounds of the objection," Fed.R.Civ.P. 51, "prior to instructing the jury, so the judge can fix the problem before the case goes to the jury," *Schobert v. Ill. Dep't of Transp.*, 304 F.3d 725, 729–30 (7th Cir.2002). Christiansen did not object to these instructions in the district court, so he has waived this argument. *See Chestnut v. Hall*, 284 F.3d 816, 819–20 (7th Cir.2002).

■ Finally, Christiansen argues that the district court erred in denying him a retrial or at least an evidentiary hearing on his postjudgment motion under Fed. R.Civ.P. 60(b). That motion alleges that Crystal Blouir, whom Christiansen described as a friend (the defendants say "girlfriend"), was standing outside the courtroom during a break immediately following Christiansen's testimony and overheard defendant Inman tell his attorney that Christiansen's account of the alleged beating was true. Christiansen tendered a declaration from Blouir, in which she recounted hearing Inman say, "Everything Mr. Christiansen said on the stand is true. It happened just the way Mr. Christiansen said it did." Blouir added that the lawyer (without specifying which of the defendants' two lawyers she was referring to) answered that Inman should "be quiet before someone hears you." One defense attorney, in responding to Christiansen's motion, denied that the conversation took place and represented that the allegations were "completely false." However, counsel never submitted affidavits from Inman or her co-counsel attesting that the allegations were false. The district court concluded that Christiansen had failed to show by clear and convincing evidence that "Blouir's outlandish allegations" were true, especially in light of counsel's "flat denial of these allegations."

We review deferentially a district court's handling of a Rule 60(b) motion and will reverse only upon finding that the district court abused its discretion and that no reasonable person could agree with the district court's ruling. *See Castro v. Bd. of Educ.*, 214 F.3d 932, 934–35 (7th Cir.2000); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1086 (7th Cir.1997). Although the court identified Christiansen's motion as one under Rule 60(b)(3), we think this it is best viewed as a Rule 60(b)(2) motion given that in the motion Christiansen characterized Blouir's declaration as "newly discovered facts."

Under Rule 60(b)(2) a party may be entitled to relief from a final judgment if the party presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). We have held that obtaining a new trial under Rule 60(b)(2) requires a showing that: (1) the evidence was discovered after the trial; (2) the movant exercised due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably result in a different outcome. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir.1999). If any of the requirements are not met, the motion must fail. *Id.; see In re Wildman*, 859 F.2d 553, 558–59 (7th Cir.1988) (affirming the denial of Rule 60(b) motion without evidentiary hearing where one of requirements was not met).

Christiansen did not satisfy even the first requirement because he failed to reveal when he first learned about the alleged statements by Inman and his counsel. Blouir, in her undated declaration, states that she overheard the conversation on February 7, the first day of trial, but Christiansen did not file his Rule 60(b) motion until April. Even if we were to

assume that he did not and could not have learned of this information until after the time to move for a new trial under Fed. R.Civ.P. 59(b), it is unlikely that based on this evidence from his friend, Blouir, a new trial would yield a different result. *See Wildman,* 859 F.2d at 558. Under the circumstances, we cannot say the trial court abused its broad discretion in denying Christiansen's Rule 60(b)(2) motion.

Accordingly, the judgment in favor of the defendants, and the order denying Christiansen's postjudgment motion are AFFIRMED.