16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Anthony S. WEBB, Plaintiff-Appellant,
v.
Bobby BUNCH, Warren County Jailer; Mayor, City of Bowling
Green, Ky.; Warren County Fiscal Court; Betty Bunch;
Jessie Miller; Peanut Gaines; Sgt. Alexander Maxwell;
Terrill Talley; Daniel Alexander; Rick Givens; Larry Nunn
and Joe Leonard, Defendant-Appellees.
 No. 93-5258.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and COHN, District Judge.*
 COHN, District Judge.
 I. Introduction
 This is a 42 U.S.C. Sec. 1983 case. Plaintiff-appellant Anthony Webb (Webb) appeals the decision of the United States District Court for the Western District of Kentucky at Bowling Green in favor of defendant-appellees. Webb, proceeding pro se, contends that defendant-appellees, in their individual and official capacity, violated his constitutional rights while he was incarcerated at the Warren County Jail. The district court granted defendant-appellees motion to dismiss the Mayor of Bowling Green; the Warren County Fiscal Court; the City of Bowling Green, and the County of Warren. The official capacity claims were also dismissed. Summary judgment was granted in favor of defendants-appellees on Webb's claims of conspiracy, excessive force, denial of appropriate medical care, revocation of mail and visitor privileges, removal of property, and confinement in a solitary cell with no water.
 On appeal, Webb argues that the district court erred: (1) by refusing to rule on his discovery request, and (2) by finding that defendant-appellees did not use excessive force in dealing with Webb. For the reasons which follow, we REVERSE AND REMAND.
 II. Discovery
 A.
 Webb says that the district court abused its discretion by
 failing to permit him to obtain discovery thereby impeding
 his ability to prepare a motion for summary judgment and
 forcing him to file a motion in opposition to defendants'
 motion for summary judgment.[2]
 The record reflects that Webb sent defendant-appellees a request for production of documents on September 21, 1992. Webb then filed a motion styled "Motion to Hold In Abeyance To Complete Discovery" asking the district court to hold the action in abeyance until discovery was completed. Webb told the court he would file a response when he completed his discovery. On October 30, 1992, defendant-appellees filed a motion to dismiss and for summary judgment.
 Webb responded with a motion to compel discovery and a motion in opposition to defendant-appellees motion for summary judgment. The motion to compel asked the court to order the defendants to produce the documents requested in Webb's earlier request and the motion also constituted Webb's response to the motion for summary judgment since he denied the truth of the assertions in defendants' motion. He again indicated the defendants failure to produce documents thus preventing him from providing a full defense. Defendant-appellees filed a response to Webb's request for production of documents and objections to the request. Defendants stated that they would make the documents related to the operation of the Warren County Regional Jail available to Webb or his agent at their attorney's office.[3] Defendants objected to the remaining requests and refused to provide the requested information. On January 28, 1993 the district court granted defendant-appellees' motion to dismiss and for summary judgment. In addition, the district court denied Webb's motion to compel discovery as moot.
 B.
 Webb's ground for appeal should be considered an objection to the district court's entry of judgment for the defendant-appellees prior to the completion of discovery. An appellate court reviews a district court's ruling on a discovery matters using an abuse of discretion standard. Theunissen v. Matthews, 935 F.2d 1454 (6th Cir.1991). Abuse of discretion is defined as a firm and definite conviction that the trial court committed a clear error of judgment. Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989).
 The record does not contain a copy of the district court's scheduling order. Therefore, the Court does not know if discovery was formally closed. Based upon the record, it is clear that defendants engaged in discovery, taking numerous depositions at which plaintiff was not present. Webb's attempts at discovery were met with objections from the defendants and no ruling from the district court. Webb, in his response to the defendants' motion for summary judgment argued that he needed the documents to be able to show the Court the involvement of each individual. Yet, the district court found that Webb would be unable to refute the evidence presented by defendants and would be unable to produce sufficient information to withstand a motion for directed verdict.
 Technically, Webb was required to file an affidavit requesting the district court stay consideration of the motion for summary judgment pursuant to Fed.R.Civ.P. 56(f).[4] Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 294 (6th Cir.1984). Webb's initial "Motion To Hold In Abeyance Until Discovery is Complete", was filed nearly one month prior to the defendant-appellees' motion for summary judgment. There was nothing for the district court to hold in abeyance at that time. The motion for summary judgment was filed October 30, 1992. However, Webb's response to the motion included a motion to compel. The inclusion of the motion to compel should have alerted the district judge that discovery was incomplete and that consideration of the summary judgment motion should have been delayed until the completion of discovery.
 We find that the district court abused its discretion in granting defendant-appellees' motion for summary judgment and finding Webb's discovery motion moot particularly since no mention was made of it in the Court's memorandum.
 III. Excessive Force
 Webb next appeals the district court's finding that the defendant-appellees did not use excessive force against him on two separate occasions in October 1991.
 A.
 The explanation which follows comes from the briefs and the district court's memorandum and opinion.
 1.
 On October 1, 1991 Webb says that the water in his sink would not shut off and he summoned the jail guards for help by beating on the cell door. When the guards arrived, Webb says that one of the guards stated that he was going to handcuff Webb to the metal bench on the floor. Webb told the guards he was not going to be handcuffed to the floor and says that the guards entered the cell, grabbed him, kicked his feet out from under him and jumped on him. He says that the handcuffs were placed on his wrists so tight they made his wrists bleed. As a result of defendant-appellees' actions, Webb says he suffered a back injury.
 Defendant-appellees submitted depositions and affidavits (not part of the appendix) stating that Webb had plugged up his toilet with an article of clothing and continued to flush it until his jail cell flooded. When the jail guards came to his cell to mop up the water, Webb threatened to kill anyone who came in the cell. Defendant-appellees say that Webb had to be subdued and was restrained for a short period of time so that his cell could be cleaned.
 On October 21, 1991 Webb stated that he was severely injured by the jail guards. The guards came to his cell to take him to court and Webb says that he refused to go to court because his shoes had been taken from him. He says the guards wrestled him to the floor, one guard rammed his knee into his shoulder and, as a result, he suffered severe injury.
 Defendant-appellees admit that they wrestled Webb to the floor with a knee to the shoulder but that such force was necessary to subdue him in order to transport him to his court appearance.[5] Defendant-appellees presented deposition testimony (again not part of the appendix) that Webb resisted the guards and had to be physically carried into the courtroom.
 2.
 The district court held that Webb failed to produce any evidence to refute defendant-appellees' evidence that the force used was not excessive and that Webb would be unable to produce sufficient evidence at trial to withstand a motion for a directed verdict. The district court also stated that the amount of force used during both instances was insufficient to constitute a violation of Webb's Eighth Amendment right to be free of cruel and unusual punishment as there was nothing in the record that indicated that the force was applied maliciously or for the purpose of causing harm.
 B.
 On appeal, Webb says that defendant-appellees admit they used force to subdue him and that use of force caused him serious physical injury in the nature of shoulder and back problems and scarring of his wrists. Whether the force used was excessive, Webb argues, is a question for a jury.
 Defendant-appellees respond that Webb failed to provide any evidence that the force used by the jail officials was excessive and that the evidence they submitted shows that the use of force was not excessive. Defendant-appellees contend that Webb fictionalized the events for the purpose of harassing the appellees.
 C.
 An appellate court reviews a grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). The party seeking summary judgment bears the initial burden of showing an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party must present "specific facts showing there is a genuine issue for trial." Celotex, 477 U.S. at 324. Something more than an allegation that a factual dispute exists must be presented to defeat a motion for summary judgment. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). The pleadings of a pro se litigant are held to a less stringent standard than a formal pleading drafted by a lawyer. Haines v. Kerner, 404 U.S. 519 (1972). "The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991).
 1.
 Pretrial detainees retain at least the same constitutional rights as enjoyed by convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 545 (1979). Although the Eighth Amendment does not protect a pretrial detainee, "the Eighth Amendment rights of prisoners are analogized to those of detainees under the Fourteenth Amendment to avoid the anomaly of extending greater constitutional protection to a [person convicted of a crime] than to one awaiting trial." Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir.1985).
 The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986). When a prison official is accused of using excessive force in violation of the Eighth Amendment whether to dispel a riot or to maintain or restore discipline, the court must decide "whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. ----, 112 S.Ct. 995, 117 L.Ed.2d 156, 166 (1992). Relevant to that determination is the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted.[6] Whitley, 475 U.S. at 321. From these factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id.
 2.
 The district court found that the amount of force used by defendant-appellees to subdue Webb in order to clean his cell and in order to take him for a court appearance was permissible and did not constitute a violation of the Eighth Amendment. The district court also found that the force was not applied maliciously or for the purpose of causing harm, was not excessive; and as a matter of law found that Webb would be unable to produce sufficient evidence to refute the evidence presented by defendant-appellees.
 Based upon the record before it, the Court has no way of knowing who is right. It is clear that Webb, on October 1, 1991, in some manner interfered with defendant-appellees attempt to clean his cell and that on October 21, 1991 Webb resisted defendant-appellees attempt to escort him to his court appearance. Defendant-appellees may have been required to use force in order to subdue him and to maintain order and discipline. While Webb has not come forward with any evidence other than his own assertions showing that the force used was malicious or was applied for the purpose of causing harm, or was excessive there is no way of knowing on the record before us what likely occurred.[7] Under the Whitley and Hudson doctrines, Webb's claims would appear to show that defendants acted in bad faith. In contrast, defendants claim that Webb was injured as a result of his resistance to their reasonable attempts to subdue him. If defendant's version is true, Webb was not subjected to malicious or sadistic behavior. "The cause of [Webb's] injury impacts his Eighth Amendment claim, thereby preventing the issuance of summary judgment ..." Moore, 2 F.3d at 700.[8]
 IV. Conclusion
 This is a case where the appointment of counsel is necessary for a meaningful appellate review particularly given the course defendants followed and the district court and their highly argumentative approach to defending the district court's decision.
 REVERSED AND REMANDED.
 
 
 1
 BATCHELDER, Circuit Judge, dissenting.
 
 
 2
 I see this case in a very different light, and I dissent from the majority's holding in this case because I believe the district court properly granted summary judgment for the defendants.
 
 
 3
 A. Abuse of Discretion in Granting Summary Judgment While Discovery Motion Still Pending
 
 
 4
 Without ever identifying what particular evidence Webb had the right to obtain through discovery, the majority holds that the district court erred in failing to rule on Webb's motion to compel discovery. In determining whether the district court abused its discretion in this case, it seems to me to be important to consider what remaining evidence there was to be discovered; if the evidence that the plaintiff was unable to discover, because of the district court's hasty grant of summary judgment, was irrelevant, how can it be an abuse of discretion to not rule on the motion to compel (irrelevant) discovery? The majority refers to this undiscovered evidence as simply the "documents requested in Webb's earlier request," and those documents consisted of the following (taken verbatim from Webb's request):
 
 
 5
 1. Name, address, phone number, of each and every defendant named in this action.
 
 
 6
 2. Copy of any/all documents, directives, regulations, rules, policy/procedure governing the orderly operation of the Warren Regional Jail.
 
 
 7
 3. Date and time of the adoption of any such documentation as mentioned in the above request.
 
 
 8
 4. Name, address, phone number of person having any such authority as to document/impelment these rules, directives, policy/procedures into the Warren Regional Jail.
 
 
 9
 5. Any document to which mentions Anthony S. Webb by name, that pertains to any rule infractions, force reports, or any document mentioning any mis-conduct by the plaintiff while incarcerated in the Warren Regional Jail.
 
 
 10
 6. Dates, time, name, address, phone number of any personal making any such above reports.
 
 
 11
 7. Name, address, phone number of all medical personal employed at the Warren Regional Jail.
 
 
 12
 8. Copy of any document which mentions Anthony S. Webb, by name that reflects any medical request, treatment while confined in the Warren Regional Jail.
 
 
 13
 9. Copy of any document which mentions Anthony S. Webb, by name, that reflects the date, time, and personal property of the plaintiff upon admittance/entrance to the Warren Regional Jail.
 
 
 14
 10. Name, address, phone number of personal making any such documentation as mentioned in the above.
 
 
 15
 11. Copy of any document reflecting the name, address, of any person making visitation to the Warren Regional Jail for the purpose of visitting the plaintiff.
 
 
 16
 12. Copy of any document reflecting/mentioning Anthony S. Webb, by name, concerning any and all money mailed to/left on visits, and personal account.
 
 
 17
 13. Copy of any document which mentions any confiscation of money/property from Anthony S. Webb.
 
 
 18
 14. Copy of video tape of final sentence and judgment in Case No. 91-CR-0034 rended on October 21, 1991 in the Warren Circuit Court, by Judge Lewis.
 
 
 19
 Webb's Request for Production of Documents. As is clear from Webb's request, very little of what Webb wanted was relevant to the issue in the case, i.e., whether excessive force was used to subdue Webb when he refused to comply with the jailers' requests, and the defendant's response to Webb's motion revealed this. Nevertheless, the defendants agreed to make available to Webb or his agent most of the documents requested. This was not an unreasonable approach to take in discovery, and the district court quite properly could have taken Webb's failure to arrange to get the documents he requested as an indicator that he no longer needed or wanted the documents. Furthermore, Webb concedes in his brief that he basically had all the evidence he wanted. See Webb's Brief at 4 ("The appellant decided that since he had most of the medical records in his file, that he would purse [sic] a civil action against the persons that were responsible for his injuries...."). And yet, the majority finds reversible error in the district court's failure to hold off on granting summary judgment until Webb got more evidence through discovery.
 
 
 20
 The majority does not contend that it is necessarily improper for a district court to rule on a motion for summary judgment before discovery is completed, and it is not. If the nonmoving party has been afforded sufficient time to develop facts essential to justify his opposition to the motion and a reasonable opportunity to respond to all issues to be considered by the court, the district court in its discretion may grant the motion notwithstanding the existence of discovery motions that have not been ruled upon. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989); American Nurses' Ass'n v. Illinois, 783 F.2d 716, 729 (7th Cir.1986). Here, Webb was able to present fully his version of the facts (after all, he was an eyewitness to the events), and he has presented nothing that would indicate that there exists somewhere additional evidence that will come to light to help his case. In this circumstance, I do not believe that the district court abused its discretion in ruling on the defendants' motion for summary judgment before Webb had exhausted all potential discovery routes.
 
 B. Grant of Summary Judgment
 
 21
 The majority next holds that summary judgment was inappropriate because "[b]ased on the record before it, [this] Court has no way of knowing who is right." The majority admits that "Webb has not come forward with any evidence other than his own assertions showing that the force used was malicious or was applied for the purpose of causing harm or was excessive," but again says that "there is no way of knowing on the record before us what likely occurred."
 
 
 22
 Metaphysically speaking, the majority is correct in saying that we have no way of knowing what really happened; we have a case of directly contradictory assertions and we cannot say with certainty that the defendants did not use excessive force. Summary judgment is not about certainty, however. The inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Under the Anderson standard, the district court did not err in granting summary judgment. The evidence that contradicted Webb's characterization of the events was overwhelming: he admits that he flatly refused to comply with the orders given to him by those in authority over him, the deputies all testified that he physically and strenuously resisted their attempts to subdue him (and that this was his regular practice), the deputies uniformly testified that the force used was only that reasonably necessary to get Webb under control, and another inmate supported the defendants' view saying that the officers "never once hit Mr. Webb or did they use excessive force." In these circumstances, the defendants' factual allegations were supported by documentation appropriate under Federal Rule of Civil Procedure 56, and the evidence was "so one-sided that [the defendants] must prevail as a matter of law." Anderson, 477 U.S. at 252. If the majority's view were law, any time there were contradictory factual assertions on material issues that case would have to go to trial. Fortunately, this is not the rule, for it would be a terrible waste of judicial resources to guarantee every prisoner a full trial on his bald assertions of mistreatment at the hands of the prison authorities.[1]
 
 
 23
 For the foregoing reasons, I would affirm the judgment of the district court.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Defendant-appellees failed to respond to this ground of appeal and instead provided the Court with an unnecessary and irrelevant discussion regarding Webb's character and criminal history
 
 
 [3]
 There is no explanation of how Webb could examine the documents in an attorney's office since he was in jail at the time
 
 
 [4]
 Rule 56(f) provides:
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 [5]
 The judge before whom Webb was to appear ordered him brought to the courtroom whether or not he wanted to come
 
 
 [6]
 Serious injury need not be shown to establish an Eighth Amendment violation. Hudson, supra
 
 
 [7]
 The dissent contends that Webb was able to fully present his version of the facts to the district court. However the district court's failure to deal with Webb's discovery motion effectively prevented Webb from fully developing and presenting the facts to the district court. Further, the dissent seems to believe that the majority is unwilling to consider the defendants' depositions because Webb was not present during the proceedings. To the contrary, the majority has considered the depositions as well as the affidavits offered by defendants and it finds that they conflict with Webb's version of the facts and his affidavits and that Webb was not given sufficient opportunity to support his positions
 
 
 [8]
 In Moore, plaintiff provided only his own sworn affidavit contradicting defendants version of the facts
 
 
 [1]
 I also do not understand why counsel should be appointed for Webb for any reason, much less the reasons given. It does not follow from the defendants' "highly argumentative approach" that Webb is entitled to counsel for this meritless section 1983 action. If the defendants can be accused of being "highly argumentative" and "provid[ing] the Court with an unnecessary and irrelevant discussion regarding Webb's character and criminal history," it is simply because they are tired of wasting state funds on this meritless case