129 F.3d 124
 80 A.F.T.R.2d 97-7899, 97-2 USTC P 50,932
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. ANDERSON; Josephine Anderson, Plaintiffs-Appellants,
v.
Maria S. ZENALI; Irene Salazar, Dendants, and United States
of America, Defendant-Appellee.
 No. 96-56274.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-04035-WJR; William J. Rea, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayers Ronald and Josephine Anderson appeal pro se the district court's entry of summary judgment for defendant United States in the Andersons' action under 26 U.S.C. § 7433(a) seeking damages for defendant Internal Revenue Service's ("IRS") allegedly improper seizure and sale of their property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 The Andersons contend that their claim for damages under section 7433(a), filed on June 16, 1995, is not barred by the two year statute of limitations, see 26 C.F.R. § 301.7433-1(g)(1), because their claim did not accrue until the deed registering the improper sale of their property to a third party was recorded, on June 22, 1993.[1] This contention lacks merit.
 
 
 4
 Section 7433 provides compensation for "actual, direct economic damages" arising from "the reckless or intentional actions of the [IRS] officer or employee." 26 U.S.C. § 7433(b)(1). The statutory filing period for actions brought under section 7433 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2).
 
 
 5
 On June 8, 1993 the Andersons filed a state court action to quiet title in the seized property, alleging that the deed conveying the property to the third party buyer was invalid because the IRS failed to comply with statutory and procedural requirements in the seizure and sale of the property. The Andersons contend that the state court complaint does not provide evidence that they were aware of all the elements necessary to file under section 7433 because the complaint did not specify the amount of "actual damages". The specific amount of damages, however, was not an element essential to their filing of a claim under section 7433. See 26 U.S.C. § 7433(b)(1). The state court complaint demonstrates that the Andersons were indeed aware of all the essential elements necessary to file under section 7433 by, at the latest, June 8, 1993. Accordingly, the district court did not err in determining that their June 16, 1995 complaint was time-barred. See 26 C.F.R. § 301.7433-1(g)(1).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Andersons argue alternatively that their claim accrued on June 15, 1993, when the IRS issued the deed of sale for their property. However, because the June 16, 1995 filing of the instant action was more than two years from this date, we reject this contention. See 26 C.F.R. § 301.7433-1(g)(1)