**William H. JOHNSON and Linda L. Johnson, Plaintiffs,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendants.**

**No. Civ.A. 1:96–CV–1757–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

March 29, 1999.

William H. Johnson, Linda L. Johnson, Stone Mountain, GA, plaintiffs pro se.

Sharon Douglas Stokes, Assistant United States Attorney, Atlanta, GA, Ann Carroll Reid, U.S. Department of Justice Tax Division, Washington, D.C., for defendants.

### ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiffs' motions to compel discovery [19–1, 20– 1], Plaintiffs' motion to serve additional interrogatories [21–1], Plaintiffs' motion for summary judgment [22–1], Plaintiffs' motion for extension of time for discovery [25–1], Defendant's motion for sanctions [30–1], Plaintiffs' motion for extension of time to file a consolidated pretrial order [32–1], and Defendant's motion for summary judgment [34–1].

### I. Statement of the Case

Plaintiffs William H. Johnson and Linda L. Johnson filed a *pro se* complaint against the United States Government on July 11, 1996, alleging nineteen causes of action arising from collection of taxes by the Internal Revenue Service ("IRS") and the State of Georgia. Plaintiffs sought refunds, costs, and damages pursuant to 28 U.S.C. § 1346(a), 26 U.S.C. §§ 7422, 7430, 7432, and 7433 for unauthorized tax collection actions for the years 1988, 1989 and 1990. Plaintiffs also requested judicial review of withheld records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). On September 13, 1996, Defendant filed a motion to dismiss, arguing that Plaintiffs had not met the jurisdictional requirements for these causes of action to proceed in this court. On September 26, 1997, this court issued an order granting in part and denying in part Defendant's motion to dismiss.

In their original complaint, Plaintiffs challenged the practice of the IRS from 1989 through 1991 of placing levies on both their Georgia state income tax refunds and federal income tax refunds for the years 1988, 1989 and 1990 and applying those refund amounts to federal tax deficiencies owed by Plaintiffs for the years 1981 through 1983. Plaintiffs specifically challenged seven such acts by Defendants, arguing that they were entitled to refunds pursuant to 26 U.S.C. § 7422 and to corresponding statutory interest on those refund amounts. Reading the complaint and additional materials submitted by Plaintiffs, this court determined that Plaintiffs had not shown sufficient jurisdictional allegations for the court to consider claims for refunds of the Georgia state taxes which Plaintiffs argued were overpaid. (Sept. 26, 1997 Order at 8). However, the court refused to dismiss

Plaintiffs' claims of overpayment of federal taxes and allowed these causes of action to continue. (*Id.*).

Also in their original complaint, Plaintiffs claimed that Defendant had engaged in an unauthorized collection action in violation of 26 U.S.C. § 7433 and had improperly failed to release a tax lien in violation of 26 U.S.C. § 7432. The court read Plaintiffs' pleadings specifically to allege that between 1988 and 1994, six tax liens were filed against them and that these liens were not released until July 29, 1994 and May 10, 1995, even though they were unenforceable. (Sept. 29, 1997 Order at 12). Defendant sought dismissal on the grounds that Plaintiffs had failed to exhaust their administrative remedies as to these claims. The court denied Defendant's motion to dismiss, finding that both parties had provided little more than conclusory allegations as to whether or not Plaintiffs had exhausted their administrative remedies prior to filing in this court.

Finally, Plaintiffs' original complaint alleged that Defendants withheld records in violation of the FOIA relevant to tax years 1981, 1982, and 1983. Defendants again argued in their motion to dismiss that Plaintiffs had failed to exhaust the administrative remedies required as a prerequisite to an action under the FOIA. However, the court found sufficient allegations to allow Plaintiffs' FOIA claim to proceed.

Following the September 26, 1997 Order, both Plaintiffs and Defendants sought leave of the court to amend their pleadings. Both motions were granted on June 16, 1998. In their amended complaint, Plaintiffs sought more clearly to state the facts underlying their claims for damages pursuant to 26 U.S.C. § 7433 and sought to dismiss their claim against Defendants for failure to release liens in violation of 26 U.S.C. § 7432. Defendant asserted an additional affirmative defense, that Plaintiffs' 26 U.S.C. §§ 7432 and 7433 claims were barred by the statute of limitations.

Presently, the following of Plaintiffs' causes of action remain before the court: (1) An action for unauthorized collection actions in violation of 26 U.S.C. § 7433; (2) an action for costs and fees pursuant to 26 U.S.C.

§ 7430; (3) an action pursuant to FOIA to compel disclosure of records; and (4) a refund action pursuant to 26 U.S.C. § 7422 and corresponding request for statutory interest awards for three overpayments of federal income taxes in 1988, 1989 and 1990 in the amounts of $525.00, $630.00, and $186.09, respectively.

## II. Discussion

### A. Summary Judgment

Summary judgment under Fed.R.Civ.P. 56 is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To defeat the motion for summary judgment, the nonmoving party must merely present evidence on the basis of which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party in a summary judgment motion is to be given the opportunity to "discover information that is essential to his opposition." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Under Rule 56(f) of the Federal Rules of Civil Procedure, a nonmoving party may file an affidavit with the court representing an inability to present facts necessary to oppose the summary judgment motion, and in response the court may "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f).

A party is not required formally to style a discovery request as a Rule 56(f) motion; a pending discovery motion can be sufficient to raise concerns as to whether a party should be permitted additional discovery prior to resolution of a summary judgment motion. *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 871 (11th Cir.1988); *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518 (9th Cir.1987); *Phillips v. General Motors Corp.,*

911 F.2d 724, 1990 WL 117981 at *5 (4th Cir.1990). Where there are both pending discovery requests and pending summary judgment motions in a case, it is an abuse of district court discretion to grant the motion for summary judgment without first considering the discovery motions. *Snook,* 859 F.2d at 871; *Webb v. Bunch,* 16 F.3d 1223, 1994 WL 36854 (6th Cir.1994).

 A district court considering summary judgment motions along with pending discovery requests should look at factors such as whether the nonmoving party has sufficiently identified the information sought through discovery, the reasons the information has not yet been obtained, and the materiality of the requested information to the summary judgment motion. *Phillips,* 1990 WL at 117981 *5. Where the documents are relevant to the summary judgment motion and are discoverable, the district court should rule on the discovery motions before the summary judgment motion. *Snook,* 859 F.2d at 871. However, where a nonmoving party has made no showing of specific evidence expected to be obtained through discovery and has not shown how such evidence will impact the pending summary judgment motion, a ruling on the summary judgment motion is not precluded. *Patterson v. United States Postal Service,* 901 F.2d 927, 929 (11th Cir.1990); *Public Service Co. of Colorado v. Continental Casualty Co.,* 26 F.3d 1508, 1518 (10th Cir.1994); *R.W. International Corp. v. Welch Food, Inc.,* 13 F.3d 478, 488 (1st Cir.1994). Broad discovery requests generally are not sufficient to prevent the court from ruling on a summary judgment motion. *See Phillips,* 1990 WL at 117981 *5; *Garrett,* 818 F.2d at 1518.

Currently pending before the court are summary judgment motions submitted by both Plaintiffs and Defendants, as well as numerous discovery motions submitted by Plaintiffs. The court will first consider Plaintiffs' discovery motions, taking into consideration the impact the information requested has on Plaintiffs' response to Defendant's motion for summary judgment.

### B. *Plaintiffs' Discovery Motions*

Plaintiffs filed two motions to compel discovery on April 21 and April 23, 1998, and a motion for leave to serve additional interrogatories on April 27, 1998.

#### 1. *Motions to Compel*

 Plaintiffs' first motion to compel seeks inspection of certain documents which Plaintiffs included in their request for production of documents served on Defendant. Plaintiffs requested documents such as IRS policy statements, documents relating to particular IRS projects, and information relating to complaints filed by Plaintiffs. Plaintiffs claim that Defendant objected to these various requests on the basis of relevancy, and on the basis that some documents would contain information pertaining to taxpayers other than Plaintiffs.

Plaintiffs' second motion seeks to compel Defendant to permit inspection of certain documents. Plaintiffs cite ten requests that were served upon Defendant which they claim were not satisfied. The documents Plaintiffs request are various internal documents of the IRS, such as memoranda transmitting Plaintiffs' files between offices, documents and files relating to the mailing of deficiency notices to Plaintiffs, documents and files relating to the rejection of Plaintiffs' Offer in Compromise submitted to the IRS, and documents pertaining to Plaintiffs' petition filed in the Tax Court. Plaintiffs claim that Defendant objected to these requests under a explanation that they were not relevant or reasonably calculated to lead to admissible evidence, and that certain documents were protected by the attorney-client privilege or the deliberative process privilege.

In both motions to compel, Plaintiffs give the same reasoning in support of each request for production. They argue that the documents they request would "demonstrate evidence of routine practice by the Internal Revenue Service and demonstrate bias and prejudice in the treatment of the Plaintiffs relevant to the examination and collection of federal taxes for tax years 1981, 1982 and 1983." Plaintiffs argue that therefore the

documents they request constitute relevant evidence.

Having read and considered Plaintiffs' motions to compel production of documents and Defendant's responses thereto, the court cannot find that Plaintiffs are entitled to relief. They have shown no connection between the documents they request and any specific cause of action brought against Defendant. In addition, Defendant represents that many of the documents requested have already been provided to Plaintiffs and those which were refused either do not exist or are not relevant to the claims asserted in the instant case. Finally, the court finds that Plaintiffs have not represented to the court that any information sought in the requested documents would have any impact on the motions for summary judgment pending before the court. Therefore, Plaintiffs' motions to compel are DENIED.

### 2. Motion for Leave to Serve Additional Interrogatories

■ Plaintiffs filed a motion for relief from the interrogatory limitation. They assert that they misunderstood the terms "interrogatory" and "party" under the Local Rules and the Federal Rules of Civil Procedure and mistakenly filed 146 interrogatories upon Defendant. They now request leave to properly serve all 146 interrogatories or such other number as the court sees fit. Defendant responded to Plaintiffs' motion, citing the limitations of both the federal and local rules and their objection to both the number and substance of Plaintiffs' interrogatories.

Neither party has provided the court with a copy of the interrogatories Plaintiffs' seek to have answered by Defendant, and neither has informed the court which, if any, of Plaintiffs' initial interrogatories were answered. The court therefore cannot determine whether there is cause to permit Plaintiffs to exceed the limitations provided in the federal and local rules. Accordingly, Plain-

tiffs' motion for relief from interrogatory limitation is DENIED.

### C. Defendant's Motion for Summary Judgment

Defendant filed a motion for summary judgment as to all of Plaintiffs' causes of action on June 2, 1998. Plaintiff filed an opposition to Defendant's statement of facts not in dispute on June 5, 1998 and an opposition to Defendant's summary judgment motion on June 19, 1998. The parties agree to the following undisputed facts.[1] The IRS made assessments of federal income taxes, interest, and penalties against Plaintiffs during the years of 1981, 1982, and 1983. In 1988, 1989, and 1990, Plaintiffs filed Form 1040 income tax returns which reported overpayments of $525.00, $630.00 and $186.09, respectively. Plaintiffs' overpayment of 1988 federal income taxes in the amount of $539.43 was applied to the income tax liability assessed by the IRS for 1981.[2] Plaintiffs' overpayment in 1989, in the amount of $652.74 was also applied to Plaintiffs' tax liability as assessed by the IRS for 1981. Plaintiffs' overpayment for 1990 in the amount of $186.09 was applied to a civil penalty assessed by the IRS for the year 1982. The IRS sent a notice of deficiency to Plaintiffs on December 2, 1993 listing the amounts of deficiency assessed for the years 1981, 1982 and 1983. On February 24, 1994, Plaintiffs filed a petition in the United States Tax Court requesting a redetermination of the deficiencies as determined by the IRS and reflected in the December 2, 1993 notice of deficiency. On July 12, 1994, pursuant to an agreement of the parties, the Tax Court entered an order "[t]hat there [we]re no deficiencies in income tax due from, nor overpayment due to, the petitioners for the taxable years 1981, 1982 and 1983 . . . ." The activities which form the basis for Plaintiffs' 26 U.S.C. § 7533 claim for unauthorized collection occurred between September 2, 1988 and March 21, 1994.

---

1. Under Local Rule 56.1B(2), all material facts contained in Defendant's statement of material facts which were not specifically controverted in Plaintiffs' response are deemed to have been admitted.

2. In their response to Defendant's statement of facts, Plaintiffs dispute the fact that a tax liability was actually owed to the IRS during the years of 1988, 1989 and 1990 but do not dispute the fact that the overpayments were used to satisfy these liabilities claimed by the IRS.

Plaintiffs made numerous requests for documents under the FOIA with respect to taxable years 1981 through 1983. On February 4, 1985, Plaintiffs were given 107 pages of examination documents for the years 1981, 1982 and 1983 from the Philadelphia Disclosure Office. The Atlanta Disclosure Office gave Plaintiffs 90 pages of documents on December 17, 1990, 418 pages on February 6, 1991, 347 pages on February 13, 1991, 4 pages on April 15, 1991, and 165 pages on May 9, 1992. On December 15, 1995, Plaintiff Linda L. Johnson submitted a FOIA request, and Disclosure Specialist Maureen McGovern conduced a search for documents responsive to that request. Mrs. Johnson's request asked for "all examination files for tax years 1981, 1982 and 1983." In accessing Mrs. Johnson's individual master file account ("IMF"), Ms. McGovern necessarily accessed Mr. Johnson's records as well, as jointly filed documents are listed under the husband's social security number on the IMF. Ms. McGovern thus conducted a search of all documents listed under Mr. Johnson's IMF account as well. Ms. McGovern then provided Mr. and Mrs. Johnson with all releasable documents from both their IMF accounts. Ms. McGovern ordered all documents listed as applicable to Plaintiffs from the IRS Service Centers and Federal Records Center and analyzed all such documents that had not already been destroyed to determine whether they could be released pursuant to 5 U.S.C. § 522(b). Ms. McGovern then withheld and redacted some documents and notified Mrs. Johnson that the remaining documents were subject to disclosure by letter dated March 14, 1996. On March 20, 1996, Mr. Johnson also filed a FOIA request for all examination materials for years 1981, 1982 and 1983 which were indexed under his social security number. On March 25, 1996, the Disclosure Office notified Mr. Johnson by letter that all documents available for both him and Mrs. Johnson in the March 14, 1996 response to her FOIA request. Mr. Johnson sent another FOIA request, reiterating his initial request, to the Atlanta District Disclosure Office on April 1, 1996, and again the office responded, by letter dated April 4, 1996, that all available records had already been disclosed.

### 1. *26 U.S.C. § 7422 Claims*

Plaintiffs' claim for refund under 26 U.S.C. § 7422 rests on the alleged illegality of the February 28, 1988 assessments of income tax deficiencies made against them for the years 1981, 1982 and 1983. Plaintiffs argue that Defendant violated 26 U.S.C. § 6212, which requires that a notice of deficiency be provided to a taxpayer by certified or registered mail at his last known address before any deficiency proceedings are undertaken. Plaintiffs argue that no such notice of deficiency was provided to them prior to the assessment. Plaintiffs thus argue that the assessments of deficiencies were illegal, and that any overpayments made which were applied to satisfy these deficiencies should be refunded. Defendant asserts that the issue of whether Plaintiffs are entitled to refunds for overpayments made in 1988, 1989 and 1990 was already decided by the Tax Court, and that decision should be given effect as *res judicata.* Defendant argues that the overpayments in years 1988, 1989 and 1990 were in fact allowed and properly applied to satisfy income tax liabilities assessed for years 1981 and 1982 under 26 U.S.C. § 6402(a), which allows the IRS to credit the amount of any overpayment against liabilities for income tax on the part of the person who made the overpayment. Defendant contends that because the Tax Court entered its decision on July 12, 1994, after the overpayments were applied to the tax liabilities, and determined that no overpayments were due to be refunded to Plaintiffs, that this court has no jurisdiction to review that decision under the doctrine of *res judicata.*

■ The doctrine of *res judicata* requires: (1) that the issue litigated in both proceedings be identical; (2) that the parties to the later proceeding are the same as or are in privity with the parties to the earlier proceeding; and (3) that the earlier proceeding resulted in a final judgment on the merits. *Baptiste v. Commissioner,* 29 F.3d 1533, 1539 (11th Cir.1994); *Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). After consideration of the issues litigated before the Tax Court and the cause of action presently before this

court, the court finds that the Tax Court decision is *res judicata* in the instant action.

First, the court finds that the issue litigated in the earlier proceeding before the Tax Court is identical to the issue presently before the court. Plaintiffs received a notice of deficiency from the IRS on December 2, 1993 which listed deficiencies in their income tax payments in the following amounts: $13,-338.00 for tax year 1981; $7,012.00 for tax year 1982; and $15,483.00 for tax year 1983. Plaintiffs filed a petition with the United States Tax Court on February 22, 1994 requesting a redetermination of the deficiencies set forth in the December 2, 1993 notice. In support of their petition to the Tax Court, Plaintiffs set forth the following facts and contentions. They alleged first that on September 3, 1987, the IRS deliberately mailed notice of an income tax deficiency to an incorrect address where they knew Plaintiffs would not receive the notice and that the IRS had failed to exercise due diligence in obtaining the correct address as required by the Internal Revenue Code. They contended that because this original notice was defective, the assessment made on February 22, 1988 was illegal and that all action taken on the basis of that assessment of liability was consequently unauthorized. Specifically, Plaintiffs complained that the IRS had wrongfully seized their federal tax refunds for the years 1988, 1989, and 1990 and applied these overpayments to the illegal deficiency. Although Plaintiffs acknowledged receiving notice of the deficiency through the December 2, 1993 letter, they complained that such notice was sent "out of time." On June 12, 1994, the Tax Court issued an order pursuant to an agreement between the parties. The court stated that "[t]here [we]re no deficiencies in income tax due from, nor overpayments due to, the petitioners for the taxable years 1981, 1982, and 1983."

The court finds that Plaintiffs' 26 U.S.C. § 7422 claim presently before the court, which requests refunds of overpayments made in the years 1988, 1989 and 1990 which were applied to deficiencies for tax years 1981, 1982 and 1983 is identical to the issue raised by Plaintiffs in their petition to the Tax Court filed February 22, 1994. Plain-

tiffs' causes of action brought before the Tax Court and before this court both rely on the theory that the overpayments were wrongfully applied to deficiencies which were calculated on the basis of an illegal assessment. This issue was resolved pursuant to the settlement of the parties as reflected in the July 12, 1994 order of the Tax Court.

Second, the court finds the privity element of the doctrine of *res judicata* satisfied. The Commissioner of the IRS, the party named in Plaintiffs' original petition to the Tax Court, and the United States, the Defendant in the instant action are in privity for purposes of *res judicata*, for the IRS had the authority to represent the interests of the United States in a final adjudication of the issues before the Tax Court. *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940).

The final issue is whether *res judicata* applies in the context of a Tax Court decision entered pursuant to an agreement between parties, and whether such an order constitutes a judgment on the merits for purposes of the doctrine. *Res judicata* is applicable to the federal income tax field and litigation conducted in the Tax Court. *Commissioner v. Sunnen,* 333 U.S. at 591, 68 S.Ct. 715 (1948). Further, a Tax Court judgment entered pursuant to an agreement between the parties constitutes a judgment on the merits for purposes of *res judicata,* "whether or not the basis of the agreements on which [it] rest[s] reached the merits." *Baptiste,* 29 F.3d at 1539–40, *quoting United States v. International Building Co.,* 345 U.S. 502, 506, 73 S.Ct. 807, 97 L.Ed. 1182 (1953). Accordingly, even though the court is unable to determine from the record whether the agreement reached between the parties before the Tax Court was reached on the basis of the merits of Plaintiffs' contentions or some other collateral consideration, the judgment entered on the basis of the parties' agreement and consent acts as a final judgment on the merits. *International Building,* 345 U.S. at 506, 73 S.Ct. 807.

The elements of the doctrine of *res judicata* are satisfied in the instant case, and the court finds that the parties have already litigated and resolved the issue of whether

Plaintiffs' income tax overpayments for 1988, 1989, and 1990 were properly held and applied to deficiencies assessed for the years 1981, 1982, and 1983. Accordingly, the court does not have jurisdiction again to consider Plaintiffs' cause of action brought under 26 U.S.C. § 7422 for refunds of the 1988, 1989 and 1990 overpayments. Therefore, Defendant's motion for summary judgment as to Plaintiffs' § 7422 claims is GRANTED.

### 2. *26 U.S.C. § 7433 Claims*

Defendant next argues that summary judgment should be granted in its favor because Plaintiffs' 26 U.S.C. § 7433 claim is barred by the statute of limitations. Defendant asserts that § 7433(d)(3) requires that an action be filed within two years after the date a cause of action accrues, and that the acts Plaintiffs allege as the basis for their § 7433 claim occurred earlier than two years prior to the filing of the instant case. Plaintiffs argue in response that their right of action did not accrue until the Tax Court decision was entered, because they did not have all the essential elements of a possible cause of action until that date. The Tax Court order was entered July 12, 1994, and therefore Plaintiffs argue that their filing on July 11, 1996 was timely.

Plaintiffs submitted an amended complaint to amend their § 7433 cause of action to include an itemized list of illegal collection activities. Plaintiffs list 35 acts that they argue occurred without a legally enforceable assessment, all 35 of which occurred on or before March 21, 1994. Section 7433 provides for civil actions for damages arising out of certain unauthorized collection actions. Such an action "may be brought ... only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(1). The Treasury Regulations promulgated under § 7433 further provide that "[a] cause of action ... accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1(g)(2). In response to Defendant's motion for summary judgment, the court must determine whether, as a matter of law, the statute of limitations provided in § 7433 had already expired

when Plaintiffs filed the instant action on July 11, 1996.

 The court must first determine which acts of the IRS Plaintiffs are entitled to assert as bases for their § 7433 action. In their amended complaint, they lists various types of acts, including provision of notice of liens, "extortion" of form 1040 returns, seizure of refunds, enforcement of levies, notices of intent to levy, and assessments of tax due. However, not all acts by the IRS are actionable under § 7433. Assessment and determination of an amount of tax cannot form the basis of an action under § 7433. *See Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.1994). In *Shaw*, the Fifth Circuit explained the distinction between assessment and collection activities in relation to § 7433; that "improper assessment deals with the decision to impose tax liability while improper collection activities involve conduct of an agent trying to collect the taxes owed." *Id.* at 184. Relying on legislative history, the court stated that because § 7433 created a cause of action for improper *collection* of a tax, that "[a]n action under [§ 7433] may not be based on an alleged reckless or intentional disregard in connection with the *determination* of a tax," and that accordingly "a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes." *Id.* at 184 (citations omitted). *See also Miller v. United States*, 66 F.3d 220, 222–23 (9th Cir.1995) (in challenge to jeopardy assessment made by IRS, summary judgment in favor of IRS on taxpayer's § 7433 claim was appropriate because assessment and tax determination part of jeopardy assessment process is not a "collection action" within meaning of § 7433); *Gonsalves v. Internal Revenue Service*, 975 F.2d 13, 15–16 (1st Cir.1992) (summary judgment appropriately granted to IRS because action under § 7433 cannot be based on actions in connection with determination of a tax).

 Although actions in connection with assessment and determination are not actionable under § 7433, notice and demand requirements of collection procedures may be. *See Miller*, 66 F.3d at 222. Though not clearly set forth in their complaint, the court reads Plaintiffs' § 7433 cause of action to

allege that notice was improper in their case because it was not sent to their last known address and because certain deficiencies were sent out of time. (See Pls.' Amended Complt.) Plaintiffs acknowledge that some activities they assert as wrongful collection activities occurred before the effective date of § 7433, November 10, 1998. In particular, it appears that the notices Plaintiffs complain were improperly not sent to their last known address were issued in September 1987. ("Appeals Settlement Memorandum, page 2, attached to Pls.' Mot. for Summ. J."). Accordingly, Plaintiffs' claim that particular notices were not sent to their last known address is not actionable under § 7433.

■■ Plaintiffs also state that notices of deficiencies for years 1981–1983 were filed out of time. As set forth in the undisputed facts, this notice was sent to Plaintiffs on December 2, 1993. Also, Plaintiffs assert that certain notices of tax liens were improperly filed during a period of restriction on January 3, 1994. The court finds these allegedly defective notices of December 2, 1993 and January 3, 1994 actionable under § 7433.[3] The court thus turns to whether the action was timely filed.

A cause of action under § 7433 is generally established when an allegedly unauthorized collection action occurs. *See Caparaso v. Commissioner of Internal Revenue*, 907 F.Supp. 1235, 1240 (N.D.Ind.1995); *United States v. Mansour*, 1997 WL 718456 at *3 (D.Conn.1997); *Sylvester v. United States*, 978 F.Supp. 1186, 1190 (E.D.Wis.1997). The latest date for collection actions Plaintiffs assert as the basis for their § 7433 claim occurred on January 3, 1994. The assumption therefore is that the two-year period of

limitations began to run at that time, expiring January 3, 1996.

However, some courts have found the period of limitations to begin running sometime after the collection action, taking into account the language of Treasury Regulation § 301.7433–1(g)(2), which allows a taxpayer a reasonable time to discover the elements of the action. *See, e.g., Sylvester*, 978 F.Supp. at 1191 (allowing action to proceed on plaintiff's argument that although collection actions occurred outside period of limitations, plaintiff did not receive IRS file until later date and thus could not have discovered information essential to claim); *Cunningham v. United States*, 165 B.R. 599, 605 (N.D.Tex. 1993) (denying summary judgment on basis that statute of limitations had not run as a matter of law because plaintiffs had received documents relating to the challenged assessments more than two years after the date of the assessments).

However, although a taxpayer has a reasonable time to discover the elements of a § 7433 cause of action, where there is evidence that a party was actually aware of a cause of action, some courts consider the statute of limitations to begin running at that time. For example, in *Stjernholm v. Peterson*, 85 F.3d 641, 1996 WL 238926 (10th Cir.1996), a tax liability was established against the plaintiffs in 1991. The Government then seized property from the plaintiffs in April 1992 and sold that property at auction in June 1992. The plaintiffs commenced an action under § 7433 in October 1994. Plaintiffs argued that their cause of action under § 7433 was timely because it was filed within two years of their receipt of final notice from the IRS that their claims for refunds had been disallowed.[4] In rejecting

---

**3.** In Plaintiffs' amended complaint, the acts they set forth as constituting illegal collection activities in violation of § 7433 extended through March 3, 1994. However, the events listed as occurring on that date were assessments, which as discussed above cannot be relied upon for an action under § 7433. The next most recent dates of activities set forth by Plaintiffs are the notices of January 3, 1994.

**4.** The plaintiffs in that case relied on *Gonsalves v. United States*, 782 F.Supp. 164 (D.Me.1992), aff'd, 975 F.2d 13 (1992), where the court held that the two-year statute of limitations for § 7433

claims did not begin to run until the plaintiff had received legal notice from the IRS that his claims for refunds were fully disallowed. In *Gonsalves*, the collection actions complained of occurred in 1987 and 1988, but the plaintiff did not receive notice that his claims for refunds were fully disallowed until January 1990. *Id.* at 169. The plaintiff then filed his § 7433 action in March 1991, and the court allowed it to proceed, holding that the two-year period of limitations began to run in January 1990. *Id.* The Tenth Circuit in *Stjernholm* rejected the plaintiff's argument that the reasoning of *Gonsalves* should apply, because C.F.R. § 301.7433–1(g)(2) had been en-

the plaintiffs' argument, the Tenth Circuit relied on the fact that the plaintiffs had published a "public notice" in August 1992 in a newspaper reflecting their opinion that the IRS had committed procedural violations in conducting the sale and seizure of their property and had engaged in illegal activities. *Id.* at 1996 Wl 238926 *2. The court held that the publication of this public notice "plainly show[ed] that [the plaintiffs] then knew all essential elements of their claim." *Id. See also Anderson v. Zenali,* 1996 WL 628180 at *3–4 (C.D.Cal.1996), *aff'd,* 129 F.3d 124, 1997 WL 697606 (9th Cir.1997) (finding that, in case involving challenge to IRS sale of property, statute of limitations began to run at the latest on the date plaintiffs brought action for quiet title because "it [w]as disingenuous for plaintiffs to argue that they did not have a reasonable opportunity to discover that they were harmed by the sale ... when they had already instituted a suit against the purchaser of the property").

Plaintiffs argue that their cause of action did not accrue until the decision of the Tax Court, rendered June 12, 1994, and that thus their period of limitations for their § 7433 action extended until June 12, 1996. The court disagrees. Given the extensive litigation and discovery that had been conducted between Plaintiffs and the IRS prior to June 12, 1994, the court finds that Plaintiffs had a reasonable opportunity to discover the elements of their § 7433 action. Plaintiffs have offered no explanation as to what events on June 12, 1994 allowed them to discover the elements of their action or permitted their action to accrue. The court therefore has no reason to find that Plaintiffs were unable to discover that the notices provided in December 1993 and January 1994 may have given rise to a cause of action for improper collection procedures. Further, there is evidence that Plaintiffs were actually aware of the elements of their cause of action under § 7433 prior to June 12, 1994. Plaintiffs filed a petition with the Tax Court on February 22, 1994 stating that the December 2, 1993 notice had been wrongfully sent out of time. (Tax Court Petition at ¶ M, submitted

with Def.'s Resp. to Pls.' Mot. for Summ. J.). Therefore, there is evidence that at least as early as February 22, 1994 Plaintiffs understood and were aware of the elements of their potential § 7433 claims.

In light of the evidence of Plaintiffs' actual knowledge as well as the history of the extensive communication and discovery between the parties in this case, the court finds no reason to extend the time for accrual of Plaintiffs' § 7433 cause of action until June 12, 1994. The court therefore concludes that Plaintiffs' 26 U.S.C. § 7433 action was untimely filed. Defendant's motion for summary judgment as to Plaintiffs' § 7433 claim is GRANTED.

### 3. *FOIA Claim*

Plaintiffs' original complaint requested judicial review pursuant to 5 U.S.C. § 552(a)(4)(B) of the IRS's withholding of records which Plaintiffs argue are not exempt from disclosure. Plaintiffs also claim that the IRS has not responded to their FOIA "administrative appeal" of April 23, 1996. Defendant argues that it has fully complied with the FOIA and thus moves for summary judgment on Plaintiffs' FOIA claim.

Title 5, U.S.C. § 552(a)(4)(B) authorizes a district court to enjoin an agency from withholding records and order production of those records to a complainant under the FOIA. However, the court has granted Defendant's motion for summary judgment on both of Plaintiffs' remaining claims under both 26 U.S.C. §§ 7422 and 7433. Accordingly, Plaintiffs no longer have a need for additional discovery from Defendant. Defendant's motion for summary judgment accordingly is GRANTED.

### D. *Plaintiffs' Motion for Summary Judgment*

Plaintiffs filed a motion for summary judgment on their cause of action for refund of federal taxes pursuant to 26 U.S.C. § 7422. As discussed above, Plaintiffs' claim under

---

acted since that decision and indicated that a cause of action under § 7433 was considered to accrue after a reasonable opportunity to discover

all elements of the claim. *Stjernholm,* 1996 WL 238926 at * 2.

§ 7422 is governed by the doctrine of *res judicata* and the decision of the Tax Court entered on the action between the parties to the instant case on June 12, 1994 is given preclusive effect. Accordingly, Plaintiffs' motion for summary judgment is DENIED.

### E. *Defendant's Motion for Sanctions*

Defendant filed a motion for sanctions on May 22, 1998 pursuant to Fed.R.Civ.P. 37(d) against Plaintiffs for failure to appear at their depositions. Defendant contends that on May 5, 1998 a notice of deposition was served upon the Plaintiffs, but that both Plaintiffs failed to appear at their scheduled depositions on May 12, 1998. Defendant asserts that when Plaintiffs were contacted regarding their failure to appear, the only explanation offered was that they had not been served with subpoenas. Defendant requests that the court dismiss Plaintiffs' action pursuant to Fed.R.Civ.P. Rule 37(b)(2)(C) and order that Plaintiffs pay the expenses and reasonable attorneys' fees incurred as a result of the attempted depositions.

Plaintiffs filed a response to Defendant's motion on June 4, 1998 in which they cited numerous instances in which they argue Defendant's counsel was uncooperative with them and failed to disclose certain documents as requested. Plaintiffs do not respond directly to Defendant's allegations that they refused to attend their depositions, but accuse Defendant's counsel of other instances of misconduct.

Having been read and considered and taking into account the fact that Defendant has been awarded summary judgment in the instant case, Defendant's motion for sanctions is DENIED.

### F. *Motion to Extend Time for Discovery and Time to File Consolidated Pretrial Order*

Remaining before the court are Plaintiffs' motions to extend time for discovery and extend time in which to file a consolidated pretrial order. As discussed above, the court has awarded summary judgment in favor of Defendant on all Plaintiffs' remaining claims. Accordingly, Plaintiffs' motions to extend time for discovery and extend time in which to file a consolidated pretrial order are DENIED as moot.

### III. **Conclusion**

Plaintiffs' motions to compel discovery [19–1, 20–1] and motion to serve additional interrogatories [21–1] are DENIED. Plaintiffs' motion for summary judgment [22–1] is also DENIED. Defendant's motion for summary judgment [34–1] is GRANTED, and Defendant's motion for sanctions [30–1] is DENIED. Finally, Plaintiffs' motion for extension of time for discovery [25–1] and motion for extension of time to file a consolidated pretrial order [32–1] are DENIED as moot.